## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

---

MICHAEL STEIMLE, individually;
MICHAEL STEIMLE, derivatively on
behalf of and in the right of AZURE
HOLDING GROUP, LLC, a Wyoming
Limited Liability Company,

          Plaintiffs,

    vs.

ANDREW THOMPSON, individually;

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. *1:24-cv-114*

State Court Case No. CH-2024-0000010

---

## NOTICE OF REMOVAL

Defendant Andrew Thompson ("Defendant" or "Thompson"), through undersigned counsel, hereby gives notice of removal of the above-captioned action, currently pending in the Wyoming Chancery Court, Case No. CH-2024-0000010, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  In support of removal, Thompson respectfully states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is a dispute between two members of a limited liability company: Plaintiff Michael Steimle ("Plaintiff" or "Steimle") of Georgia, and Defendant Andrew Thompson of North Carolina.  Plaintiff alleges that Defendant is taking unilateral actions on behalf of their company, Azure Holding, LLC ("Azure Holding") to the detriment of Plaintiff to the tune of hundreds of thousands of dollars.  This Court has diversity jurisdiction over this dispute between citizens of different states with excess of $75,000 in controversy.

### II.     PROCEDURAL BACKGROUND

2.     On May 7, 2024, Plaintiff Michael Steimle filed a Complaint against Thompson in the Wyoming Chancery Court, Case No. CH-2024-0000010.  True and complete copies of all

process, pleadings, and other documents filed in action, including the Complaint, are attached hereto as **Exhibit 1**.  According to the Complaint, Plaintiff asserts claims "both individually and derivatively on behalf of and in the right of Azure Holding Group, LLC ('Azure Holding'), a Wyoming Limited Liability Company."  Ex. 1, Compl. at 1.

3.      Defendant was served with the Complaint on May 14, 2024.  *See* **Exhibit 2**, Affidavit of Andrew Thompson ¶ 1; *see also* Ex. 1, Plaintiffs' Motion for Temporary Restraining Order at 2.

4.      Plaintiff alleges[1] that he and Defendant are members of Azure Holding each with 50% ownership interest.  Ex. 1, Compl. ¶ 22.[2]  Purportedly, Defendant is responsible for "providing and finding funding" and "for forming the various legal entities pursuant to the business model agreed upon by Steimle and the Defendant."  *Id.* ¶¶ 21–22.  According to Plaintiff, Defendant has allegedly done the following:

a.    formed a Costa Rican subsidiary LLC (Azure Renewables, S.A.) under Defendant's sole ownership instead of as a wholly-owned subsidiary of Azure Development Group, LLC, which is 70 owned by Azure Holding;

b.    inconsistently used the accounts of Azure Holding, Azure Renewables, S.A., and Azure Development Group, LLC to "hide the transparency" of transactions;

c.    refused to provide Plaintiff for payments Azure Holding made to vendors;

---

[1] Defendant cites Plaintiff's allegations in the Complaint solely for purposes of establishing this Court's jurisdiction.  In doing so, Defendant does not waive, and expressly preserves, the right to later contest these factual allegations and to prove that Plaintiff is not entitled to any relief.

[2] In fact, there is a dispute as to the ownership of Azure Holding and whether it is divided among Plaintiff Steimle and Defendant Thompson only or whether there is a third member - Kevin Tangen.

1101542688\6\AMERICAS

      d.  delayed payments from Azure Holding or its subsidiaries to Plaintiff or Plaintiff's companies;

      e.  refused to provide Plaintiff operating agreements or organizational documents; and

      f.  planned to "act unilaterally to remove Steimle from his role as President of Azure Renewables."

*See* Ex. 1, Compl. ¶¶ 23–43.

5.     Based on the alleged conduct above, Plaintiff asserts nine causes of action against Defendant: (1) breach of operating agreement, (2) breach of fiduciary duty, (3) conversion, (4) breach of contract, (5) oppression, (6) fraud and constructive fraud, (7) declaratory judgment, (8) injunctive relief, (9) breach of implied covenant of good faith and fair dealing. *See* Ex. 1, Compl. at 7–17.

6.     Specific to the first cause of action ("Breach of Operating Agreement Count"), Plaintiff alleges that "As a result of the Defendant's breach of the Operating Agreement, Plaintiff Steimle has incurred damages in excess of Two Hundred Thousand Dollars ($200,000.00)." Ex. 1, Compl. ¶ 65. However, Plaintiff makes no allegation that Azure Holding has incurred damages by Defendant's alleged breach of the Azure Holding operating agreement. *See generally id.*

7.     In his request for relief, Plaintiff seeks damages, declaratory relief, and an "immediate injunction holding that Steimle is a controlling 50% member over Azure Holding, and enjoining Defendant from taking any unilateral action on behalf of Azure Holding or Azure Development." *See* Ex. 1, Compl. at 18.

1101542688\6\AMERICAS

8.      For the amount of damages, Plaintiff alleges that "[a]s a result of Defendants' [sic] actions and activities, [Steimle and Azure Holding] have suffered damages in an amount exceeding Five Hundred Thousand Dollars ($500,000.00)."  *See* Ex. 1, Compl. ¶ 133

9.      For the declaratory relief, Plaintiff requests that the court declare that (1) Steimle and Thompson are each 50% co-owners, (2) Steimle has a "controlling" 50% interest while Thompson has a non-controlling interest, (3) "no action can be taken on behalf of Azure Holding" during litigation, and (4) all decisions made without Steimle are invalid and not enforceable.  *See* Ex. 1, Compl. ¶ 113.

10.     Plaintiff is a citizen of Georgia.  *See* Ex. 1, Compl. ¶ 8.

11.     Defendant is a citizen of North Carolina.  *See* Ex. 1, Compl. ¶ 11; **Ex. 2**, Thompson Aff. ¶ 2.

12.     Azure Holding is a duly registered Wyoming limited liability company. *See* Ex. 1, Compl. ¶ 1.

## III.    THIS COURT HAS DIVERSITY JURISDICTION.

13.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States of the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

14.     District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between citizens of different States."  28 U.S.C. § 1332(a)(1).

15.     In analyzing diversity of citizenship, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).  This analysis requires a federal court to

1101542688\6\AMERICAS

"look beyond the pleadings." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941).

16.    Here, diversity of citizenship exists under 28 U.S.C. § 1332(a) because, as apparent from the face of the Complaint, this action is between citizens of two different states—Georgia and North Carolina—and the amount in controversy exceeds $75,000.  *See* Ex. 1, Compl. ¶¶ 8, 11, 133.

17.    For purposes of this action, Azure Holding is a nominal plaintiff and does not deprive this Court of subject-matter jurisdiction because the Court must disregard nominal plaintiffs and determine citizenship of real parties to the controversy:  Plaintiff Steimle and Defendant Thompson.  *See Navarro Sav. Ass'n*, 446 U.S. at 461.; *see, e.g.*, *Roskind v. Emigh*, No. 2:05-cv-00825-RCJ-RJJ, 2007 WL 981725, at *2–3 (D. Nev. Apr. 2, 2007); *McWhinney Holding Company, LLLP v. Poag*, No. 17-cv-02853-RBJ, 2018 WL 1281975, at *4-7 (D. Colo. Mar. 13, 2018).  The Tenth Circuit recognizes as nominal parties those parties with no real interest in a suit or against whom no relief is sought. <u>*Hunt v. Jack V. Waters, D.C., P.C.*</u>, 403 F. Supp. 3d 1036, 1067 (D.N.M. 2019). While LLC citizenship may be determined through the citizenship of its members, in the instant action, Azure Holding is merely a nominal plaintiff in this action as explained below and should be disregarded for the diversity analysis.

18.    The real dispute here is between the alleged 50% co-owners Plaintiff Steimle and Defendant Thompson, the real parties in interest.  Plaintiff alleges that Defendant is taking actions on behalf of Azure Holding without the approval of Plaintiff, to the detriment of Plaintiff Steimle. *See, e.g.*, Ex. 1 at Compl. ¶ 42; *see also id.* ¶¶ 10, 127 (alleging Defendant is preventing payments to Steimle and his company M3 Construction Inc.).  Tellingly, the declaratory relief that Plaintiff seeks is to establish his rights in Azure Holding vis-à-vis Defendant, not to right an alleged wrong

1101542688\6\AMERICAS

against the LLC.  *See id.* ¶¶ 109–113.  Azure Holding has no stake in the matter of the ownership rights of Steimle.  Further, based on Plaintiff's 50% ownership allegation, half of any relief Azure Holding could obtain would be passed through to Plaintiff.  Because the real dispute is between Plaintiff Steimle and Defendant Thompson, Azure Holding is only a nominal party, and diversity of citizenship exists.

19.     The amount in controversy requirement for removal is also met because, as alleged by Plaintiff Steimle, the amount in controversy exceeds $75,000.

20.     Because there is diversity of citizenship between the real parties in interest, and the amount in controversy requirement is satisfied, this Court has original jurisdiction and removal to this Court is proper.

20.     Further, even if there was not original jurisdiction over all causes of action in the complaint, the Court would still have diversity jurisdiction over Plaintiff's first cause of action for breach of operating agreement ("Breach of Operating Agreement Count") and should exercise supplemental jurisdiction over the other claims.

21.     In the Breach of Operating Agreement Count, Plaintiff alleges that Defendant breached unspecified obligations of an unwritten operating agreement of Azure Holding.  *See* Ex. 1, Compl. ¶¶ 53–65.  Plaintiff alleges "generally" Defendant breached the agreement "by failing to keep Plaintiff informed, by making unilateral decisions on which vendors would be paid through the Azure Development accounts, and by failing to keep Azure Holding informed of investors being contacted."  *Id.*  ¶ 64.

22.     For these alleged breaches, Plaintiff alleges that he "has incurred damages in excess of Two Hundred Thousand Dollars ($200,000.00)."  Ex. 1, Compl. ¶ 65.  Plaintiff makes no

1101542688\6\AMERICAS

allegations that Azure Holding has incurred damages by Defendant's alleged breach of the Azure Holding operating agreement. *See generally id.*

23.     As at least one United States Court of Appeals has held, such an action for breach of an operating agreement does not make an LLC more than a nominal party. *See Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506 (6th Cir. 2013). In *Mortenson*, the plaintiff Mortenson and defendant Heartland were members of an LLC. Plaintiff Mortensen brought a declaratory action to determine each side's interest in the LLC, naming the LLC as an additional plaintiff. The Sixth Circuit held that subject matter jurisdiction existed and the LLC was a nominal party because the LLC asserted no right to money or other rights under the operating agreement. 526 F. App'x at 508. The Court rejected plaintiff's argument that "who manages the LLC" was the assertion of any right on the LLC. *Id.* at 508–09 ("The real dispute in this case is between Mortenson and Heartland. The LLC is only a spectator on the sideline.").

24.     Here, the Breach of Operating Agreement Count does not seek to enforce any right on behalf of the LLC, Azure Holding. Instead, Plaintiff only asserts damages on behalf of himself to the tune of $200,000. The resolution of the Breach of Operating Agreement Count will not result in any Azure Holding receiving any money. This means Azure Holding is a nominal party as to the Breach of Operating Agreement Count.

25.     Put another way, the Breach of Operating Agreement Count is a direct claim of Plaintiff and not a derivative claim at all.

26.     This Court has original jurisdiction over the Breach of Operating Agreement Count because, as apparent from the face of the Complaint, it involves a dispute between citizens of two different states—Georgia and North Carolina—and the amount in controversy exceeds $75,000. *See* Ex. 1, Compl. ¶¶ 8, 11, 65.

7

27.     This court has supplemental jurisdiction over the remaining causes of action because they arise from the same "common nucleus of facts" as the Breach of Operating Agreement Count, namely Thompson's actions on behalf of Azure Holding.  *See, e.g.*, Ex. 1, Compl. ¶¶ 66, 79, 88, 93, 96, 107, 114, 118 (each other cause of action incorporating allegations for the Breach of Operating Agreement Count).

## IV.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

28.     Defendant satisfies the procedural requirements for removal in 28 U.S.C. § 1446.

### A.   Removal Is Timely.

29.     Defendant is entitled to remove this action within thirty days of receipt of service of the Complaint.  *See* 28 U.S.C. § 1446(b)(1).  Defendant was served with the Complaint on May 14, 2024.  *See* **Exhibit 2**, Affidavit of Andrew Thompson ¶ 1; *see also* Ex. 1, Plaintiffs' Motion for Temporary Restraining Order at 2.  While Thompson does not waive arguments as to whether service of process was proper, he asserts that he has until June 13, 2024 to file this Notice of Removal. Accordingly, this Notice of Removal is timely.

### B.   Removal Is to the Proper Court.

30.     The state court action is pending in the Wyoming Chancery Court, which is within the "district and division" of this Court.  *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 131.

### C.   Pleadings and Process Are Attached.

31.     In compliance with 28 U.S.C. § 1446(a) and Civil Local Rule 81.1, copies of all process, pleadings, orders, and other papers or exhibits of every kind on file and relating to the Complaint in the state court are attached hereto as **Exhibit 1**.

1101542688\6\AMERICAS

D.    <u>**Notice Will Be Given.**</u>

32.    Promptly after the filing of this Notice of Removal, Defendant shall give written notice of the removal to all parties and will file a copy of this Notice of Removal with the Wyoming Chancery Court, Case No. CH-2024-0000010.

33.    By filing a Notice of Removal in this matter, Defendant does not waive, and reserve, the right to assert any defenses and/or objections to which they may be entitled, including but not limited to, service of process, the sufficiency of process, jurisdiction over the person, and/or venue.

34.    Defendant reserves the right to amend or supplement this Notice of Removal.

35.    If any question arises as to the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of removal.

WHEREFORE, Defendant hereby seeks an order granting removal of this action from the Wyoming Chancery Court to the United States Court for the District of Wyoming.

**DATED**: May 31, 2024

*/s/ Rin Karns*_____
Ghislaine G. Torres Bruner (7-5974)
Rin Karns (6-4114)
**SQUIRE PATTON BOGGS (US) LLP**
717 17th Street, Suite 1825
Denver, CO 80202
Telephone: +1 303 830 1776
Email: ghislaine.bruner@squirepb.com
         rin.karns@squirepb.com

*Attorneys for Defendant Andrew Thompson*

1101542688\6\AMERICAS

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing Notice of Removal was served on the following counsel of record via the Court's electronic filing system and by email and by first class mail on this 31st day of May, 2024.

Robert J. Walker (7-4715)
John M. Walker (5-2224)
WALKER LAW, LLP
P.O. Box 22409
Cheyenne, WY 82003
(307) 529-2255
Email: Robert@WyoCounsel.com

*Attorneys for Plaintiff*

                                        */s/ Rin Karns*
                                         *Rin Karns*