Filed
05/07/2024
CH-2024-0000010



WY Chancery Court
May 07 2024 04:23PM
Unassigned
72934869
N/A

FILED

Robert J. Walker (#7-4715)
WALKER LAW
114 East 7th Ave., Suite 200
P.O. Box 22409
Cheyenne, WY   82003
Telephone: (307) 529-2255
Robert@WyoCounsel.com

*Attorney for Plaintiffs*

# IN THE CHANCERY COURT, STATE OF WYOMING

| | |
|---|---|
| MICHAEL STEIMLE, individually;<br>MICHAEL STEIMLE, derivatively on behalf of and in the right of AZURE HOLDING GROUP, LLC, a Wyoming Limited Liability Company,<br><br>          *Plaintiffs,*<br><br>vs.<br><br>ANDREW THOMPSON, individually;<br><br>          *Defendant.* | Case No. CH – 2024-_____ |

## COMPLAINT

COME NOW, the Plaintiff, Michael Steimle, both individually and derivatively on behalf of and in the right of Azure Holding Group, LLC ("Azure Holding"), a Wyoming Limited Liability Company (collectively referred to hereafter as the "Plaintiffs"), and for their Complaint against Andrew Thompson (the "Defendant"), plead and allege as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant hereto, Azure Holding was a Wyoming Limited Liability Company organized pursuant to the provisions of the Wyoming Limited Liability Company Act (W.S. §§ 17-29-101 *et. seq.*).

2. Azure Holding was formed in June of 2022 to serve as the holding company for other entities.

3. Azure Holding is a seventy percent (70%) owner of Azure Renewables, S.A. ("Azure Renewables"), a Costa Rican "Sociedad Anonima" formed in July of 2022.

4. Azure Renewables is developing technologies related to processing agricultural byproducts that can then be used in both the agriculture and construction industries.

5. Azure Renewables is still in the development stage and has secured investment to fulfill its business plan. Those investors make up the remaining thirty percent (30%) ownership of Azure Renewables.

6. Azure Renewables was also to be the parent company and sole owner of Azure Development Group, LLC ("Azure Development"), a Delaware limited liability company.

7. Azure Development was formed in February of 2023.

8. At all times relevant to this Complaint, Michael Steimle ("Steimle" or "Plaintiff") was a resident of Georgia, and a 50% owner and member of Azure Holding.

9. Michael Steimle was also appointed to serve as the President of Azure Renewables.

10. Michael Steimle is also the sole owner and member of M3 Construction Inc., an entity that is performing approved construction project development contract work for Azure Renewables.

11. Michael Steimle is a 50% owner of M3 Engineering, LLC, an entity that is performing approved engineering project development contract work for Azure Renewables.

12. Andrew Thompson, the Defendant, was at all times relevant to the above-captioned matter a resident of North Carolina.

13. Andrew Thompson is a 50% owner and member of Azure Holding.

14. Andrew Thompson was also appointed to serve as the Treasurer of Azure Renewables.

15. Andrew Thompson was asked to form Azure Development on behalf of Azure Holding, but upon information and belief, Azure Development was formed as a sole-member LLC with Andrew Thompson appointing himself as its sole member.

16. This Court has proper jurisdiction and venue over Plaintiffs' claims against Defendant as Azure Holding, LLC was organized pursuant to the provisions of the Wyoming Limited Liability Company Act, this dispute seeks both declaratory and injunctive relief, as well as seeks money damages in excess of $50,000, and the case arises from claims involving breach of the Wyoming Limited Liability Company Act, breach of fiduciary duties, and includes a derivative action. *See* W.S. § 5-13-115.

## FACTS COMMON TO PLAINTIFF'S CLAIMS FOR RELIEF

17. In 2022, Steimle and the Defendant began the joint development of a business model that, very generally, would process an agricultural byproduct common in Costa Rica.

18. Steimle's role was primarily to use his engineering, construction, and project management background to develop the intellectual property necessary to process the byproduct, and to develop that technology.

19. Defendant's role was primarily to work with investors and to assist in providing and finding funding for the project.

20. Defendant was also responsible for forming the various legal entities pursuant to the business model agreed upon by Steimle and the Defendant.

21. So, on or about June 8, 2022, Defendant formed Azure Holding in Wyoming.

3

22. Azure Holding is a member-managed LLC with both Defendant and Steimle owning an equal 50% controlling interest in the company.

23. Steimle was never provided any operating agreement for Azure Holding, has never seen an operating agreement for Azure Holding, and never consented to or in any way approved any operating agreement for Azure Holding.

24. Then, on or about July 26, 2022, Steimle and Defendant jointly formed and created Azure Renewables in Costa Rica.

25. Azure Holding is presently the 70% owner of Azure Renewables.

26. Next, Defendant formed Azure Development on or about February 27, 2023

27. Defendant explained he wanted to form Azure Development to be the operations company that would control and track the financials of the development of Azure Renewables.

28. Upon information and belief, Azure Renewables consented to the formation of Azure Development as its wholly owned subsidiary.

29. Upon information and belief, Defendant set up Azure Development as a sole-member LLC; however, with him individually as its sole owner rather than Azure Renewables.

30. Defendant also set up bank accounts for Azure Holding, Azure Renewables, and Azure Development. Plaintiff Steimle has equal access and control over the Azure Renewables account, very limited access to the Azure Development account, and no access or control over the Azure Holding account.

31. Defendant has been inconsistent in the use of the accounts for payments and deposits. There are times when Defendant pays invoices from Azure Development, and later the same vender is paid from Azure Holding' account. Similarly, some venders are now paid from Azure Renewables when payments used to come from Azure Holding. It is unclear why Defendant makes transfers between the three separate accounts.

4

32. Upon information and belief, Defendant has used the three accounts to hide the transparency of his transactions; and that he uses the Azure Holding account for any hidden transactions because no other individual has oversight over that account.

33. Defendant routinely initiates transactions for all three bank accounts without consulting with or seeking permission from Azure Holding or Azure Development.

34. On or about April 12, 2024, Steimle, through his counsel, sent a demand letter requesting, among other things, that:

   a. The financials of Azure Development and Azure Renewables be audited and presented at the annual shareholder meeting for Azure Renewables;

   b. Copies of the operating agreements, and related organizational documents, for Azure Holding and Azure Development be provided;

   c. Steimle be included, in his role as President of Azure Renewables, in all future meetings with investors, investment banks, and any others doing business with the companies.

   d. Copies of documentation or support showing reimbursements to Defendant and the Secretary of Azure Renewables, Kevin Tangen.

   e. Defendant cease from engaging with third parties on behalf of the jointly owned entities without following through with corporate formalities and consulting with Steimle.

35. Since the demand letter was sent, Defendant has refused or otherwise filed to provide any supporting documentation for substantial payments made from Azure Development and Azure Holding to Defendant, third parties, and Kevin Tangen.

36. Defendant has also delayed payments to M3 Construction, out of the bank accounts, for labor already executed for the benefit of Azure Renewables, while not delaying payment to his preferred vendors.

37. Defendant has also delayed project development payments to Michael Steimle, out of the Azure accounts, for ongoing project development services being executed for the benefit of

5

Azure Renewables, while not delaying payment to Defendant, Kevin Tangen, and Defendants preferred vendors.

38. Defendant has also failed to consult with Azure Renewables generally, or Steimle relating to the status of ongoing investment opportunities; and has generally failed to secure new investment as needed to complete the development of the companies' projects.

39. Defendant has also refused or otherwise failed to provide any of the operating agreements or organizational documents for Azure Holding or Azure Development as required.

40. Additionally, Defendant has implied through various communications that he intends to hold a shareholder meeting for Azure Renewables where he intends to use Azure Holding' 70% vote to remove Steimle from his role as President of Azure Renewables.

41. However, Azure Holding, the Wyoming LLC, has had no membership meetings in relation to its controlling interests in Azure Renewables, and Plaintiff Steimle, as a 50% controlling member, does not consent to Defendant unilaterally using or voting Azure Holding' controlling interests in Azure Renewables.

42. As a 50/50 member-managed LLC, any actions taken by Azure Holding could only be approved unanimously by each member.

43. Upon information and belief, Defendant intends to act unilaterally to remove Steimle from his role as President of Azure Renewables, in part, so that he can continue his activities without the oversight and transparency Steimle has demanded.

44. Pursuant to W.S. § 17-29-901, "a member may maintain a direct action against another member, a manager, or the limited liability company to enforce the member's rights and other wise protect the member's interests, including rights and interests under the operating agreement. . . ."

45. Similarly, pursuant to W.S. § 17-29-902:

6

> A member may maintain a derivative action to enforce a right of a limited liability company if: (i) The member first makes a demand on the other members in a member-managed limited liability company . . . requesting that they cause the company to bring an action to enforce the right, and the managers or other members do not bring the action within a reasonable time; or (ii) A demand under paragraph (i) would be futile.

46. In this case, making a demand on Defendant would be futile under W.S. § 17-29-904(ii) because it is akin to asking the other 50% member to bring an action against himself for violating Plaintiff's interests and acting against the best interests of Azure Holding.

47. Notwithstanding, on May 3, 2024, a notice was sent to the above-captioned Defendant as well as to all shareholders in Azure Renewables stating, among other things, that Steimle was a 50% owner of Azure Holding and that any action taken unilaterally on behalf of Azure Holding' interests in Azure Renewables would be unauthorized.

48. Defendant has no authority to act unilaterally in relation to business conducted for and in behalf of Azure Holding, including in the formation and control over Azure Development and its bank accounts.

49. Defendant has no authority to act unilaterally in relation to voting Azure Holding' interests in Azure Renewables.

50. This action is not a collusive action to confer jurisdiction that this Court would otherwise lack.

51. Steimle reasonably, fairly, and adequately represents the interests of all similarly situated members of Azure Holding in enforcing the company's interests in this action.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**BREACH OF OPERATING AGREEMENT (Individually and Derivatively)**

52. Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 51 of this Complaint as if set forth fully herein.

53. An Operating Agreement constitutes a binding contract between Plaintiff, Steimle, and Defendant.

54. No written operating agreement was ever approved by the members of Azure Holding.

55. Notwithstanding, Wyoming authorizes implied operating agreements based on the conduct of the parties.

56. It was always understood, and numerous communications, representations, and documents reflect, that Azure Holding is a 50/50 member-managed LLC.

57. Steimle and Defendant both own an equal 50% controlling interest in Azure Holding.

58. Since Azure Development was authorized by Azure Renewables to be its wholly owned subsidiary, Azure Holding indirectly controls Azure Development through its 70% ownership interest in Azure Renewables.

59. Defendant has breached the operating agreement of Azure Holding by attempting to call a meeting to unilaterally vote Azure Holding' 70% interest in Azure Renewables for the purpose of removing Steimle from his role as President.

60. Defendant has breached the operating agreement of Azure Holding by creating Azure Development as a sole-member LLC in his personal name, directly adverse to the interests of Azure Holding.

61. Defendant has breached the operating agreement of Azure Holding by failing to provide any documentation or information to Steimle relating to actions he has taken and communications he has made on behalf of Azure Holding.

62. Defendant has breached the operating agreement of Azure Holding by stating to Steimle that he did not intend to retain any tax counsel for Azure Holding or Azure Development, and that "he wouldn't say anything if Steimle didn't."

8

63. Defendant has breached the operating agreement of Azure Holding by failing to inform Plaintiff of meetings of Azure Renewables where its interests might be voted.

64. Defendant has generally breached the operating agreement of Azure Holding by failing to keep Plaintiff informed, by making unilateral decisions on which vendors would be paid through the Azure Development accounts, and by failing to keep Azure Holding informed of investors being contacted.

65. As a result of the Defendant's breach of the Operating Agreement, Plaintiff Steimle has incurred damages in excess of Two Hundred Thousand Dollars ($200,000.00).

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: BREACH OF FIDUCIARY DUTY (Individually and Derivatively)

66. Plaintiff, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 65 of this Complaint as if set forth fully herein.

67. Defendant has a fiduciary duty of loyalty and duty of care as a member of Azure Holding.

68. The above-captioned Defendant has acted unilaterally on behalf of Azure Holding without authority in the formation of Azure Development when he placed the entity into his sole name.

69. The above-captioned Defendant has acted unilaterally is his control over all funds intended to be used for the benefit of Azure Holding and Azure Renewables.

70. The above-captioned Defendant has breached his fiduciary duty by failing to provide the other member of Azure Holding with documents, communications, and information relevant and critical to its ongoing operations.

71. The above-captioned Defendant has indicated he will continue to act unilaterally on behalf of Azure Holding as more fully set forth above, including in an attempt to unilaterally

9

vote Azure Holding' 70% interest in Azure Renewables to remove Plaintiff from his role as President within that organization.

72. Defendant's actions, as more fully set forth above, have been self-serving and intended to protect him from having to account for the actions he has unilaterally taken on behalf of Azure Holding since its formation.

73. As a member-manager, Defendant was required to not usurp power or authority beyond its 50% membership interest. By taking unilateral actions, the Defendant has breached his fiduciary duties of loyalty to Azure Holding.

74. By failing to include Plaintiff Steimle, and his 50% controlling interest, in any company decisions since the company was formed, Defendant has further violated his fiduciary duties.

75. To the extent any significant decisions or transactions are made after the above-captioned complaint is filed, each decision would be in further violation of Defendants' fiduciary duties to Azure Holding. Further, any such decision would be a willful violation of those duties as Defendant is on notice that he cannot act unilaterally.

76. Defendant is liable to Plaintiff and Azure Holding for each decision made in violation of their fiduciary duties owed the companies.

77. Azure Holding and Steimle have been damaged by Defendant's unlawful takeover of the entities and through their unauthorized control over any decisions made.

78. As a result of the Defendant's breaches of his fiduciary duties, the Plaintiff has and will suffer damages in excess of Five Hundred Thousand Dollars ($500,000.00).

## THIRD CAUSE OF ACTION:
## CONVERSION (Derivatively)

79. Plaintiff, derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 78 of this Complaint as if set forth fully herein.

80. Azure Holding, as the majority shareholder in Azure Renewables, owns an indirect 70% interest in Azure Development.

81. Plaintiff Steimle has a 50% controlling interest in Azure Holding and therefore an indirect controlling interest in Azure Development, a wholly owned subsidiary of Azure Renewables.

82. Defendant has converted Azure Renewables' interests in Azure Development by claiming exclusive control over the entity and its bank account.

83. Defendant has also converted Azure Holding' bank account by not allowing Plaintiff Steimle any access to the account opened in its name.

84. Plaintiff Steimle has also demanded that Defendant provide the organizational documents for Azure Development and he has refused.

85. Defendant refused to allow Azure Development's activities to be controlled by and through the members of Azure Renewables.

86. Defendant's conversion of Azure Holding's bank account has denied it the ability to participate in the management of its own financial affairs.  Further, Azure Holding has been denied the ability to exercise its controlling interest in Azure Development and has denied it access to information relating to the ongoing operations of the entities because the entity was created and formed contrary to the Parties' agreements.

87. Azure Holding has suffered substantial damages, including the loss of any funds deposited with Azure Development, its future earnings or losses through Azure Development, and

control over the funds critical to the development of Azure Renewables. Plaintiff is also entitled to punitive damages.

## FOURTH CAUSE OF ACTION:
## BREACH OF CONTRACT (Individually and Derivatively)

88.  Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 87 of this Complaint as if set forth fully herein.

89.  Throughout Steimle's conversations with Defendant, it was agreed that Azure Holding would be a 50/50 member-managed LLC, and that upon its formation, Defendant would provide Plaintiff with a copy of the organizational documents.

90.  Throughout Steimle's conversations with Defendant, it was understood that Azure Development would pay for all the expenses incurred in the development of Azure Renewables, and that Steimle and Defendant would have equal say and control over the use of those funds by and through their indirect 70% ownership in Azure Renewables.

91.  When Defendant unlawfully began acting unilaterally on behalf of Azure Holding and Azure Development, he breached his agreement with both Plaintiffs.

92.  As a result of Defendant's breaches of the Parties' agreements, Plaintiffs have suffered substantial harm.

## FIFTH CAUSE OF ACTION:
## OPPRESSION (Individually and Derivatively)

93.  Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 92 of this Complaint as if set forth fully herein.

94.  Pursuant to W.S. § 17-29-701(b), Defendant has acted, is acting, and will continue to act in a manner that is oppressive to Plaintiff's interests in Azure Holding and that are unlawful

and oppressive of Azure Holding' ability to operate in compliance with Wyoming law and to protect Azure Holding' interests in Azure Renewables and Azure Development.

95. Rather than seeking dissolution, as allowed by statute, Plaintiff requests the Court award some remedy other than dissolution as the Court deems just and equitable; including converting Defendant's 50% interest in Azure Holding into an economic only interest – which would prevent him from ever acting unilaterally on behalf of Azure Holding.

## SIXTH CAUSE OF ACTION:
## FRAUD and CONSTRUCTIVE FRAUD (Individually and Derivatively)

96. Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 95 of this Complaint as if set forth fully herein.

97. As more fully set forth above, Defendant was authorized by Azure Holding to form a new entity, at his request, for the purpose of holding any investor funds received on behalf of Azure Renewables.

98. Plaintiffs relied upon Defendant's representations in consenting to the formation of Azure Development as a wholly owned subsidiary of Azure Renewables.

99. Upon the Plaintiffs consenting to its formation, Defendant unilaterally acted to form the entity as a sole-member LLC with himself as its sole member.

100. Defendant subsequently acted to open bank accounts in the name of Azure Holding and Azure Development with Defendant as the sole authorized signor on the accounts.

101. Plaintiff Steimle has limited access to a single QuickBooks account that was set up by Defendant to keep track of transactions for all the entities, including Azure Holding, Development, and Renewables; however, Defendant has failed to provide Plaintiffs with any support for review or approval for the transactions Defendant initiated that are reflected within the QuickBooks file.

13

102. Upon information and belief, Defendant requested authority to form Azure Development so that he could have exclusive control over funds intended to be used for the benefit of Azure Renewables and use that power and control to manipulate the operations of both Azure Holding and Azure Development.

103. Upon information and belief, Defendant has used the Azure Development bank accounts to make distributions from which he personally benefits – all without any oversight from Azure Holding.

104. Defendant has refused or otherwise failed to provide a full accounting for Azure Development and has not responded to Plaintiff Steimle's demand for an audit.

105. Upon information and belief, Defendant has indicated he will not be retaining tax professionals to file taxes for funds received by Azure Development – causing Plaintiffs substantial concern with liability that might attached to Azure Holding for tax fraud or tax evasion.

106. The Plaintiffs have suffered substantial harm in relation to the foregoing, including, among other things, the spending of funds without oversight or approval by Azure Holding.

## SEVENTH CAUSE OF ACTION:
## DECLARATORY JUDGMENT (Individually and Derivatively)

107. Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 106 of this Complaint as if set forth fully herein.

108. Pursuant to W.S. § 17-29-901 and W.S. §§ 1-37-101 et. seq., this Court has jurisdiction to declare the rights, status, and other legal relations of the Parties.

109. Plaintiffs seek to have the Court declare that Plaintiff is a 50% controlling member of Azure Holding.

110. Plaintiffs seek to have the Court declare that Defendant is a 50% member of Azure Holding.

14

111. In light of Defendant's oppressive conduct and violation of the Wyoming Limited Liability Company Act, Plaintiff Steimle requests the Court declare Defendant's 50% interest to be a non-controlling, economic interest in Azure Holding.

112. Plaintiffs seek to have the Court declare that no action can be taken on behalf of Azure Holding while the above-captioned litigation progresses without the unanimous consent of all members, including any vote or action taken in relation to Azure Holding' 70% ownership interest in Azure Renewables.

113. Plaintiff seeks to have the Court declare that any and all decisions made without including Plaintiff Steimle as a 50% controlling member are invalid and not enforceable.

## EIGHTH CAUSE OF ACTION:
## INJUNCTIVE RELIEF (Individually and Derivatively)

114. Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 113 of this Complaint as if set forth fully herein.

115. Pending the resolution of this lawsuit, the Defendant must be constrained from taking any action without Plaintiff Steimle's consent.

116. Pursuant to W.S. §§ 1-28-101 et. seq. this Court should enjoin the Defendant from interfering with Azure Holding' right to exercise control over Azure Development and its bank accounts.

117. The Court should further enjoin Defendant from unilaterally voting Azure Holding' interests in Azure Renewables to remove Plaintiff Steimle as President of Azure Renewables.

15

**NINTH CAUSE OF ACTION:**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Individually and Derivatively)**

118. Plaintiff, Steimle, individually and derivatively on behalf of and in the right of Azure Holding, incorporates herein by this reference paragraphs 1 through 117 of this Complaint as if set forth fully herein.

119. The Parties are bound by their oral agreements.

120. Plaintiff Steimle has complied with the Parties' various agreements.

121. The implied covenant of good faith and fair dealing requires that no party commit an act that would injure the rights of the other party to receive the benefit of their agreement.

122. Defendant is required to act consistently with the agreed common purpose and justified expectations of the Plaintiffs.

123. The Parties jointly undertook a business venture for the purpose of developing a technology to process an agricultural byproduct in Costa Rica, and Plaintiff Steimle has made substantial investments into the project. For example, Steimle has moved to Costa Rica and has spent thousands of hours developing the intellectual property necessary for the venture to be a success.

124. Plaintiff Azure Holding stands to make a substantial profit upon the project going beyond the development stage – including through the capture of carbon credits and the millions in potential profits from the sale of the product to be produced by Azure Renewables.

125. By interfering with Plaintiff's ability to participate in the actions undertaken by Azure Holding, Defendant is intentionally attempting to create a situation where either the venture itself will fail (in which case Defendant would have sole access to all company funds) or where Plaintiff Steimle can no longer benefit from his involvement with Azure Holding – the 70% owner of Azure Renewables, which in turn wholly owns and controls Azure Development.

126. Defendant agreed his role would be primarily limited to developing the investment and financial side of the businesses.

127. Defendant is using his exclusive control and access to company funds to prevent payments from being made to Michael Steimle, and M3 Construction for work done on behalf of Azure Renewables, knowing this will directly impact Plaintiff Steimle's ability to meet his contractual obligations to Azure Renewables.

128. Defendant is breaching his duty of good faith and fair dealing by failing to keep Plaintiff Steimle informed as to investments being made to Azure Development and communications with investors and potential investors.

129. Upon information and belief, Defendant is making material misrepresentations and untruthful statements to investors and potential investors regarding Plaintiff Steimle for the purpose of garnering support against Plaintiff.

130. For all the reasons set forth within this Complaint, Defendant has breached the duty of good faith and fair dealing.

131. As a result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiffs are being prevented from receiving any benefits under the various agreements controlling the Parties' relationships.

132. Plaintiffs have suffered substantial harm through Defendants' unlawful takeover of Azure Holding, Azure Development, and attempted takeover of Azure Renewables.

## DAMAGES

133. As a result of Defendants' actions and activities, Plaintiffs have suffered damages in an amount exceeding Five Hundred Thousand Dollars ($500,000.00).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Steimle, individually and derivatively on behalf of and in the right of Azure Holding, prays that the Court enter an Order and Judgment against Defendant for, in addition to all previous requests for relief:

1. All of Azure Holding' damages sustained as a result of Defendant's unlawful takeover, to include any lost profits and business opportunities;

2. Declaratory relief as set forth above;

3. An immediate injunction holding that Steimle is a controlling 50% member over Azure Holding, and enjoining Defendant from taking any unilateral action on behalf of Azure Holding or Azure Development;

4. All damages to be proven at trial; and

5. Any other and further relief the Court deems just and proper in the premises, including Plaintiffs' attorney fees and costs.

DATED this 7th day of April, 2024.

    /s/ Robert J. Walker
Robert J. Walker (7-4715)
John M. Walker (5-2224)
Walker Law, LLP
114 East 7th Avenue, Suite 200
P.O. Box 22409
Cheyenne, WY   82003
(307) 529-2255 telephone
ATTORNEYS FOR PLAINTIFF