# EXHIBIT A



## CERTIFICATE OF ACCURACY

The undersigned, Johnny Mackay, Vice President of Operations of BIG Language Solutions, appearing on behalf of BIG Language Solutions, an ISO 9001 and 17100 certified company, hereby states, to the best of his knowledge and belief, that the foregoing is an accurate translation from Spanish to English of the document(s) titled:

**Legal Book - Shareholder Assembly Azure Renewables S.A_**

*Johnny Mackay*

Johnny Mackay
Vice President of Operations, BIG Language Solutions
Date: 06/13/2024



AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

---

**AZURE RENEWABLES SOCIEDAD ANÓNIMA.**

[X] **First time**          [ ] **Renewal**          [ ] **Replacement**

[ ] **Transformation**          [ ] **Book Closing**

---

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**
HEREBY CERTIFIES:

This is the beginning of the book:

**SHAREHOLDERS' MEETING MINUTES**                    No.    **1**

---

That **AZURE RENEWABLES SOCIEDAD ANÓNIMA** will keep

Corporate ID number *3-101-856623*

It consists of **100** pages, in perfect condition and cleanliness.

Which legalization number appears in the National Registry: 4062001288592

Date of issue July 20, 2022

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

**REASON FOR LEGALIZATION OF BOOKS:** The Company **AZURE RENEWABLES COMPANY ANÓNIMA,** with Corporate ID number three-one zero one-eight five six six two three, a company registered and in force in the Republic of Costa Rica, in the Public Registry of Legal Entities, under the indicated ID, officially opens Volume One of the Book of **MINUTES OF THE SHAREHOLDERS' MEETING,** which consists of one hundred pages, under legalization number four zero six two zero zero one two eight eight five nine two. San José, July 20, two thousand twenty-two.

_____

MICHAEL STEIMLE
**PRESIDENT**

**MINUTES NUMBER ONE:** Minutes of the Extraordinary General Shareholders' Meeting of the company **AZURE RENEWABLES SOCIEDAD ANÓNIMA,** with Corporate ID three - one hundred one - eight hundred fifty-six thousand six hundred twenty-three (hereinafter "the Company") held in San José, Pozos de Santa Ana, Costa Rica, Forum Business Center 1, Building B, Second Floor, at one PM on the eighteenth of October, two thousand and twenty-two. I. **Attendance.** Attending this Meeting is Mr. **JOSÉ MANUEL GUERRA BONILLA,** of legal age, single, a lawyer, with domiciled for professional purposes in the offices of Dentons Muñoz, located in San José, Santa Ana, Pozos, Centro Empresarial Fórum 1, Building B, Second Floor, bearer of identification card number one - one thousand four hundred seventy-three - zero eight hundred ninety-eight, who acts on behalf of **AZURE HOLDING GROUP, LLC,** an entity incorporated and existing in accordance with the laws of the State of Wyoming, which is the legitimate owner of one hundred percent of the Company's share capital. II. **Quorum.**

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

The entire share capital of the company is duly represented at this Meeting. III. **Credentials.** Mr. Guerra Bonilla, with the previously mentioned status, exhibits his credentials that consist of a power of attorney issued and signed by the shareholder, which is corroborated, approved and considered legally valid for the purposes of the Meeting. Said power of attorney is kept in the Company's files. IV. **Agreements.** By unanimous vote the following agreements are made: **ONE:** It is agreed to dispense with the prior call process and to consider this Meeting duly and legally established, as the entire share capital of the Company is represented. **TWO:** To appoint Mr. Guerra Bonilla as ad hoc Chairman and Clerk of this Meeting, with the statuses indicated above. **THREE:** Grant special power of attorney, as broad and sufficient as legally applicable, in accordance with article one thousand two hundred and fifty-six of the Civil Code of Costa Rica and article three of the Joint Resolution of General Scope of the Registry of Transparency and End Beneficiaries of the Central Bank of Costa Rica, to:

**i) EDUARDO JOSÉ ZÚÑIGA BRENES,** of legal age, married in first and only wedlock, a lawyer, bearer of identity card number one - one thousand ninety-five - zero six hundred fifty-six, domiciled for professional purposes at the Dentons Muñoz Offices, located in San José, Santa Ana, Pozos, Forum 1 Business Center, Building B, second floor, and **ii) JOSÉ MANUEL GUERRA BONILLA,** of legal age, single, a lawyer, bearer of identity card number one - one thousand four hundred and seventy-three - zero eight hundred ninety-eight, domiciled for professional purposes at the Dentons Muñoz Offices, located in San José, Santa Ana, Pozos, Forum 1 Business Center, Building B, second floor, and may act jointly or separately, to act on behalf

Shareholders' Meeting Minutes Book

of the Company and carry out any and all acts related to the Registry of Transparency and End Beneficiaries of the Central Bank of Costa Rica, in compliance with the relevant laws and regulations in force and applied by the competent authorities. The representatives will be authorized to: (i) interact with the technological platforms created for this registry; (ii) file all ordinary and extraordinary declarations; (iii) submit all types of forms, declarations, affidavits, and/or applications; (iv) request rectification of any information previously provided and submit forms, declarations, affidavits and/or requests for rectification, as necessary; (v) act on behalf of the Company in judicial and/or administrative proceedings in any procedures related to this registry; and, (vi) receive notifications and communications related to this registration. The representatives will be authorized to grant, delegate and substitute their power in whole or in part, always reserving the exercise of their powers, revoking substitutions and powers and granting others again, without ever losing their powers. It is expressly agreed that: (a) the representatives are authorized to provide all the information required on the shareholders of the Company, as well as in relation to all individuals and legal entities that participate, either directly or indirectly, in the chain of ownership of the Company, up to the level requested by the Central Bank of Costa Rica; and, (b) the Company hereby releases the agents from any liability related to or derived from the entry of false, inaccurate and/or incomplete information provided by the Company and its respective officers, directors, agents, employees, agents, controllers and/or members.

Shareholders' Meeting Minutes Book

The Company agrees to defend, indemnify and hold the agents harmless from and against any and all losses, claims, damages, liabilities and expenses, or any claim, litigation, investigation or related proceeding, initiated by any

competent authority. **FOUR:** Grant Special Power, as broad and sufficient as legally appropriate, in accordance with article one thousand two hundred and fifty-six of the Civil Code of Costa Rica, in favor of: **(i) RICARDO JOSÉ MORA AZOFEIFA,** of legal age, single, a bachelor of Law, bearer of identity card three - zero four nine nine - zero eight seven zero, domiciled for professional purposes in San José, Santa Ana, Pozos, Forum Business Center 1, Building B, Second Floor, Dentons Muñoz, **(ii) ARON MEKLER BENAVIDES,** of Peruvian nationality, of legal age, single, a legal assistant, resident of San José, Escazú, San Rafael, of Perimercados one hundred meters west and twenty-five meters south, holder of DIMEX residence card number one six zero four zero zero two two one eight one nine; and, **(iii) JOSÉ MANUEL GUERRA BONILLA,** of legal age, single, a lawyer, bearer of identity card number one - one thousand four hundred seventy-three - zero eight hundred ninety-eight, domiciled for professional purposes in the offices of Dentons Muñoz, located in San José, Santa Ana, Pozos, Forum Business Center 1, Building B, Second Floor; so that, on behalf and in representation of **MICHAEL (first name) STEIMLE (last name),** of one single last name because of his American nationality, of legal age, married in first and only wedlock, a businessman, holder of the passport of his country number five seven zero four six three six six four, resident of one Wylly Island Drive, Savannah, Georgia, three one four zero six, acting jointly or individually, and to the fullest extent, may validly register their appointment as President and legal representative of the company **AZURE RENEWABLES S.A.,** before the Single Registry

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No:  4062001288592

Shareholders' Meeting Minutes Book

Costa Rica Tax. The attorneys are fully empowered to  carry out the following acts: a) request a Registration Number ID Special Tax (NITE) to access the Virtual Tax Administration Portal , in accordance with articles one hundred two, one hundred seventy-one and one hundred eighty of the Code of Tax Rules and Procedures, for which they will be able to manage, introduce, sign, get or withdraw any form or application, as well as carry out any other procedure required for such purposes; and, b) complete, sign and submit the Form O-One Hundred and Forty for the Declaration of Registration and/or Modification of Data ofthe company in the Single Tax Registry. The presentation of applications, requirements and declarations before the Tax Administration may be realized in person or virtually through the virtual procedures platform of the General Directorate of Taxation (TRAVI); the signature of any documents may be realized conventionally or through digital signature. The agent will be authorized to grant, delegate and substitute his power in whole or in part, always reserving the exercise of his powers, revoke substitutions and powers and grant new ones, without ever losing his powers. **FIVE:** Authorizes  the Notaries Public **JOSÉ ANTONIO MUÑOZ FONSECA and EDUARDO JOSÉ ZÚÑIGA BRENES,** so that, together or knowingradly, formalize this act, or designate another notary with this purpose. **SIX:** It is agreed to declare as firm each one of the agreements taken inthis Meeting. There being no more issues to address, this Meeting adjourned one hour after started.



AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

**MINUTES NUMBER TWO:** Minutes of the extraordinary general meeting of shareholders of the company **AZURE RENEWABLES SOCIEDAD ANÓNIMA,** with Corporate ID three - one hundred one - eight hundred fifty-six thousand six hundred twenty-three and registered office in San Jase, Santa Ana, Pozos, Centro Empresarial Forum Uno, building B, second floor, offices of Dentons Muñoz (hereinafter "the Company") held at one Wylly Island Drive, Savannah, Georgia, three one four zero six, United States of America, at fourteen hours on the sixteenth of January, two thousand twenty-three. **I. Attendance.** Attending this meeting are Messrs. **MICHAEL STEIMLE,** with one single surname due to his American nationality, of legal age, businessman, holder of the passport of his country number five seven zero four six three six six four, and **ANDREW THOMPSON,** with one single last name due to their American nationality, of legal age, a businessman, holder of the passport of their country number five five seven zero nine eight seven five three, who act on behalf of **AZURE HOLDING GROUP, LLC,** an entity incorporated and existing in accordance with the laws of the State of Wyoming, which is the legitimate owner of one hundred percent of the capital stock of the Company. **II. Quorum.** The entire share capital of the company is duly represented at this Meeting. **III. Credentials.** Messrs. Steimle and Thompson, of the previously mentioned statuses, exhibit their credentials, which are corroborated, approved and considered legally valid for the purposes of this meeting. IV. **Agreements.** By unanimous vote the following agreements are made: **ONE:** It is agreed to dispense with the prior call process and to consider this Meeting duly and legally established, as the entire share capital of the Company is represented. **TWO:** Appoint Mr. Michael Steimle as chairman of this meeting

Shareholders' Meeting Minutes Book

and as ad-hoc secretary, Mr. Andrew Thompson, both of the aforementioned statuses.

**THREE:** Approve the contributions of personal work and knowledge in engineering and research and development, which have been made by the shareholder **AZURE HOLDING GROUP, LLC,** and its members, between the first day of October of the year two thousand twenty-one and the thirty-first day of December of the year two thousand twenty-two, which have been made available to the Company from its date of incorporation and until the thirty-first day of December of the year two thousand twenty-two. Said contributions of personal work and knowledge that were made by the shareholder **AZURE HOLDING GROUP, LLC,** are valued by this meeting in the sum of six hundred ninety-nine thousand nine hundred dollars ($699,900.00), legal tender of the United States of America, The value of the contributions have turned out to be essential for the planning and structuring of the business project that the company will develop in Costa Rica. **FOUR:** In accordance with the estimate and firm approval of the contributions of personal work and knowledge made by the shareholder **AZURE HOLDING GROUP, LLC,** it is agreed that the capital contributed is the sum of six hundred ninety-nine thousand nine hundred dollars ($699,900.00), legal tender of the United States of America, and therefore it is agreed to increase the subscribed and paid share capital of the company to the sum of seven hundred thousand dollars ($700,000.00) legal tender of the United States of America, represented by seven hundred thousand common and registered shares with a nominal value of one dollar legal tender of the United States of America each, which are duly subscribed and paid in full by the shareholder **AZURE HOLDING GROUP LLC.** Likewise, in accordance with article one hundred and six of the

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

Code of Commerce of the Republic of Costa Rica, the Board of Directors is authorized to, on or several occasions, increase the share capital up to the limit of one million dollars ($1,000,000.00), legal tender of the United States of America, which will be represented by up to one million common and registered shares with a nominal value of one dollar, legal tender of the United States of America, each. **FIVE:** Pursuant to the agreement made to increase the share capital of the Company and the entry of new shareholders in the coming months, it is agreed to comprehensively reform the articles of incorporation of the Company so that it reads as follows hereinafter: *"CORPORATE BYLAWS: ONE: The corporate name: The company will be called "AZURE RENEWABLES SOCIEDAD ANÓNIMA", whose addition may be abbreviated as S.A., which is a fantasy name. TWO: Registered Office: The domicile of the company will be in the Province of San José, Santa Ana Canton, Pozos District, Forum One Business Center, Building B, second floor, Dentons Muñoz offices, without prejudice to establishing branches and/or agencies in other places in the country or outside the Republic of Costa Rica. THREE: Purpose: The main purpose of the company will be the production of Biocarbon for export and sale in the local market. Additionally, the company will have as its purpose the import, export, representation, mining, agriculture, livestock, and the provision of public services when so authorized by the respective institutions, industry and commerce in general; To fulfill its purposes, it may buy, sell, mortgage and in any other way possess and dispose of all types of movable and immovable property, real and personal rights. It may be part of other companies, receive assets in trust, as well as provide any type of bond or guarantee to its*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                              Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*shareholders and third parties, as long as they receive economic remuneration. The company may additionally: (i) carry out negotiations of any kind, inside or outside of the Republic of Costa Rica. (ii) Purchase, sell, exchange, lease, administer, market, have and invest movable or immovable properties of any kind, as well as in merchandise, perishable goods, personal belongings and other goods of any kind or description, (iii) Execute all kinds of commercial or financial transactions and sell, lend and export serices, and for such purpose employ the personnel necessary, (iv) Participate in any way in other companies, whether they be Costa Rican or foreign, (v) Purchase, sell and in general do business with shares, bonds, securities and personal belongings of any kindor description, (vi) Act as trustor, trustee or trust beneficiary inside or outside of the Republic of Costa Rica, (vii) Receive and/or pay royalties, comissions and other types of earnings or expenditures according to the case, (viii) Execute all kinds of loan agreements, mortgages, assignments and contracts or agreements of any kind, including the bond in favor of third parties and/or guarantees for obligations of third parties, (ix) Open bank accounts of any kind and dispose, with respect to them, in any or financial establishment in any part of the world. FOUR: Duration of Company: The duration of the company will be ninety-nine years from the incorporation date. FIVE: Share capital: Share capital is the sum of SEVEN HUNDRED THOUSAND dollars, legal tender of the United States of America represented by SEVEN HUNDRED THOUSAND common and registered shares with a nominal value of ONE dollar each, which are fully subscribed and paid by the shareholders. In addition, of*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

accordance with article one hundred and six of the code of Commerce of the Republic of Costa Rica, the Board of Directors is authorized to, on or several occasions, increase the share capital up to the limit of one million dollars ($1000,000.00), legal tender of the United States of America, which will be represented by up to one million common and registered shares with a nominal value of one dollar, legal tender of the United States of America, each. *The company is duly authorized to acquire and sell its own shares, as well as to grant loans on them, all at the discretion of the Board of Directors. The shares will be transferable by assignment and/or endorsement with prior authorization from the board of directors as established in clause Five Bis of these bylaws, which situation will be stated in the text of the titles and/or certificates, and must proceed* to *register in its records, as owner thereof, the person* or *persons in whose favor they have been assigned and/or endorsed. Titles representing one* or more *shares may be issued, and these will be signed by the Chairman and Treasurer of the Board of Directors, who are expressly authorized to make the corresponding submission of the titles and/or certificates.* <u>**FIVE BIS**</u>*: **Restriction** to the **transfer of shares**: Any transfer of common and registered shares of the Company must be communicated in writing to the Board of Directors, which will authorize* or *not authorize the transfer designated in accordance with the following terms and conditions: **i) Right of First Refusal.** In the event that a Shareholder (the "Selling Shareholder") wishes to sell the entirety* or *part of its shares pursuant to a good faith offer that it has received from an interested third party that is not a shareholder of the Company (the "Purchase Offer"), it must notify the Offer to Purchase* to *the Board of Directors, via email* or *fax within*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*the next five business days following the date of the Offer Notice (the "Purchase Offer Communication"). The Offer to Purchase Notice will include the terms and conditions of the Purchase Offer (including, but not limited to, the price, description and number of shares to be sold, the payment method, payment terms, the personal information of the offeror and the offeror's agreement to become a party to these Articles of Incorporation by virtue of the purchase of the offered shares, and said Purchase Offer must be duly signed by the Selling Shareholder and the offeror. The Board of Directors will send to the other Shareholders ("Potential Buying Shareholders") the Purchase Offer and its terms within three business days. The Potential Buying Shareholders will have a period of fifteen calendar days from the date of the Offer Communication to decide whether to acquire or not the shares offered at the price and under the terms contained in the Purchase Offer. If the Potential Buying Shareholders notify the Board of Directors of their intention not to purchase the shares offered within the period stipulated herein, The Board of Directors will proceed to authorize the transfer of the shares and will inform the Selling Shareholder that he may accept the Purchase Offer and proceed with the sale pursuant to it, provided that the sale to the offeror is made within the following sixty calendar days from the end of the stipulated period of fifteen calendar days. In this case, the offeror will become a party to this Agreement by virtue of the purchase of the offered shares. If the sale is not executed and concluded within the period established herein, the Selling Shareholder must start the process established in this Section again. If a Potential Buying Shareholder notifies the Board of Directors within the indicated period of fifteen calendar days regarding its decision*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*to purchase the shares from the Selling Shareholder at the price and under the terms that appear in the Purchase Offer, the Board of Directors will proceed to authorize the transfer of the shares and within a period of two business days will inform the Selling Shareholder that he must sell the shares offered to the Buying Shareholder, and the Selling Shareholder will sell, endorse and deliver to the Buying Shareholder the shares offered, within a period of one calendar month from the authorization of the Board of Directors for the transfer of the shares. If the sale and transfer is not consummated within this period, the Selling Shareholder must carry out the process established in this clause again in order to sell its shares. If more than one Potential Buying Shareholder notifies the Board of Directors within the stipulated period of fifteen calendar days of their decision to purchase the offered shares from the Selling Shareholder at the price and under the terms and conditions established in the Purchase Offer, the Board of Directors will proceed to authorize the transfer of the shares, and within two business days will inform the Selling Shareholder that they must sell the shares offered to the Buying Shareholders in accordance with their corresponding shareholding percentage at the time of the offer. The Shareholder or Shareholders who acquire the shares offered will have a period of sixty calendar days, counted from the authorization of the Board of Directors, to formalize and conclude said purchase. If the purchase is not executed and concluded within the period established herein for reasons attributable to the purchasing Shareholders, the Selling Shareholder may sell the shares offered to the third party at the price and under the terms contained in the Purchase Offer. If the purchase is not executed and concluded within the period established here for reasons attributable to the Selling Shareholder, the Selling Shareholder must start the process*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*established in this section again. **ii) Tap-Along Right.** In the event that any shareholder (Selling Shareholder) wishes to sell all or part of his or her shares pursuant to a good faith offer made to an interested third party buyer who is not a shareholder of the Company (the "Sale Offer"), said Selling Shareholder must notify the Sale Offer to the Board of Directors, via email or fax within five business days following the date on which the Sale Offer has been formalized with the potential buyer (the "Communication of the Sale Offer"). The Sale Offer Notice will include the terms and conditions of the Sale Offer (including, but not limited to, the price, description and number of shares to be sold, the payment method, payment terms, the personal information of the buyer and the buyer's agreement to become a party to these Articles of Incorporation by virtue of the purchase of the offered shares. Said Sale Offer must be duly signed by the Selling Shareholder and the buyer and will be considered a binding offer in the event that the other Shareholders do not exercise their tap-along right. The Board of Directors will send the Sale Offer and its terms to the other Shareholders via email or fax within three business days, giving them a period of fifteen calendar days from the date of sending the Offer to decide whether to sell or not its shares to the potential buyer under the same terms and conditions contained in the Sale Offer. If the other Shareholders notify the Board of Directors of their intention not to sell their shares within the period stipulated herein, their Tap-Along right will be considered expired for said Sale Offer, but not for future Sale Offers, and the Board of Directors will proceed to authorize the transfer of the shares, and within a period of two business days will communicate to the Shareholder via email or Selling*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*Shareholder, who may proceed with the sale of the shares pursuant to the notified sale offer. In this case, the buyer will become a party to these Articles of Incorporation by virtue of the purchase of the shares offered. If the authorized permission is not executed and concluded within the period of sixty calendar days counted from the notification of the authorization for the transfer provided by the Board of Directors, the Selling Shareholder must begin the process established in this Section again. In case one* or more *Shareholders notifies the Board of Directors within the established period of fifteen calendar days of their decision to sell a part* or *all of their shares to the potential buyer, at the price and under the terms contained in the Purchase Offer (the "Tap-Along Shareholders"), then the Board of Directors will communicate to the selling Shareholder via email* or *fax within two business days, who will only authorize the sale and transfer of the offered shares if the Potential Buyer purchases at the same time and under the same terms and conditions the shares that the tap-along Shareholders wish to sell,* or alternatively, *if the Tap-Along Shareholders and the Selling Shareholder participate in the sale proportionally to comply with the Sale Offer. The proportion of the Sale Offer that will be satisfied by the Tap-Along Shareholders and the Selling Shareholder will be determined in relation to their shareholding interest in the Company compared to the other Tap-Along Shareholders and the Selling Shareholder. In the event that the Potential Buyer expresses his agreement to purchase at the same time and under the same terms and conditions the shares that the Tag-Along Shareholders and the Selling Shareholder wish to sell, or alternatively, they wish to make the purchase proportionally as established in this section, said situation must be communicated to the Board of Directors by the shareholders who wish to*

Shareholders' Meeting Minutes Book

*sell within five business days by sending via email or fax an updated Sale Offer reflecting the new terms of the sale. Once the updated sale offer has been received, the Board of Directors will proceed to validate that it complies with the conditions established in this section and, if met, will proceed to authorize and communicate the transfer of the shares to the shareholders via email or fax within two business days. If the sale is not executed and concluded within a period of sixty calendar days from the communication of the authorization for the transfer by the Board of Directors to the Shareholders, the Selling Shareholder must start the process established in this Section again. **iii) Drag-Along Right.** In the event that one or more Shareholders accept a good faith offer from a non-shareholder third party to purchase a minimum of fifty-one percent of the Shares representing the share capital of the Company, they must notify said Purchase Offer to the Board of Directors, via email or fax within five business days following the date of the Offer Notification (the "Purchase Offer Communication"). The Purchase Offer Notice will include the terms and conditions of the Purchase Offer (including, but not limited to, the price, description and number of shares to be sold, the payment method, payment terms, the personal information of the offeror and the offeror's agreement to become part of these Articles of Agreement by virtue of the purchase of the offered shares, said Purchase Offer must be duly signed by the Selling Shareholder or shareholders and by the offeror. The Board of Directors will send the Purchase Offer and its terms to the other Shareholders within three business days, indicating that all Shareholders (including any*

Shareholders' Meeting Minutes Book

*Shareholder who has not accepted the third party's purchase offer) may be forced to sell all their shares to said third party under the same terms and conditions established in the Purchase Offer, to comply with the shareholding percentage in the capital of the Company that the third party is willing to purchase, it will also be indicated that said transfer of shares will be authorized in the event that the third party wishes to purchase said shares, and only if the purchase price is at least equal to the fair market value, which will be determined by an independent valuation, which will be agreed upon and executed by the Shareholders within a maximum period of two calendar months. In this case, if the third party is purchasing less than one hundred percent of the shares in the capital of the Company and if the Shareholder or Shareholders who accepted the initial offer cannot comply with the percentage of stake in the capital that the third party is willing to buy, then the other shareholders will be forced to sell their shares in proportion to their shareholding percentage in the Company in order to comply with the number of shares that the third party wishes to acquire, and the Board of Directors will proceed with the authorization of the transfer of shares within a period of two business days  from the moment in which the independent valuation that sets the purchase price of the shares has been completed at fair market value. For the purposes of this clause, separate offers addressed to different Shareholders by the same third party or any combination of third parties acting together will be considered one single Purchase Offer. The unjustified silence of the Board of Directors in any of the above cases will be equivalent to authorization. The company may refuse to register the transfer of shares that has been made without being authorized by the Board of Directors in the terms indicated herein.*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*The transfer restrictions established in this clause will not apply to transfers in favor of wholly owned subsidiary entities of the Company or its shareholders, testamentary trusts, or in favor of relatives up to the third degree of affinity or consanguinity.* **<u>SIX:</u> Issue of Other Securities:** *The company will have broad power to issue all types of securities with the designations, preferences, privileges, restrictions, limitations and other modalities and especially capital securities. The securities or capital securities may be redeemed by the company when it deems appropriate.* **<u>SEVEN:</u> Inventories and balance sheets:** *Each year at the close of the corresponding fiscal period, the inventory and balance sheet will be carried out using the usual accounting practices.*

**<u>EIGHT:</u>** **Meetings.** *The members will hold an ordinary annual meeting within three months after the end of the financial year. At that meeting, at least the following will be known: a) discuss and approve or disapprove the report on the results of the fiscal year presented by the administrators and take the measures it deems appropriate; b) agree on the distribution of profits in accordance with what will be indicated in this regard below and c) appoint and revoke, when appropriate, the appointment of directors. They will meet ordinarily and extraordinarily when called by the Chairman of the Board of Directors, and in these meetings the points stated in the respective call will be known. Both ordinary and extraordinary meetings may be held inside or outside the country, as indicated in the respective call. The call will be made by means of a circular letter that will be sent by mail, fax or any other electronic means of data transfer, at least eight business days in advance, without considering within that period the day sent or the day the meeting is*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*held. The call may be dispensed with when, once all the partners have met, it is agreed upon and such circumstance is recorded in the respective minutes. For Ordinary and Extraordinary Meetings to have a quorum after the first call, half of the shares with voting rights must be present and the resolutions will be valid only when they are made with the vote of those representing more than half of them. In ordinary and extraordinary Meetings, by virtue of the second call, a quorum will be formed with any number of shareholders present and agreements will be made by a simple majority of those present. The first and second calls can be made simultaneously, on occasions at least one hour apart. The Chairman and the Clerk of the Board of Directors will act in the general meetings, the first as Chairman and the second as Clerk and in the absence of any of them, the one the partners designate as such. These officials will sign the minutes of the meetings. **<u>NINE:</u> Powers of the general meeting of shareholders:** The powers of the general shareholders' meetings are: **a)** to appoint and revoke, when appropriate, the appointment of directors, which will be carried out through the simple majority voting system and each shareholder will have a number of votes proportional to their participation in the share capital; **b)** fill temporary or permanent vacancies of the directors; **c)** resolve or agree on the merger of the company with other companies; **d)** prematurely dissolve the company; **e)** appoint liquidators; **f)** set the allowances or salaries of the directors or other employees of the company; **g)** Grant and revoke all types of powers, when deemed appropriate **h)** discuss and approve the statutes and other powers corresponding*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*to them by law or under this agreement.* **TEN: Administration.** *The corporate affairs will be managed by a Management Council or Board of Directors made up of three members, partners or not, who will be the Chairman, Clerk and Treasurer. The* **CHAIRMAN, CLERK and TREASURER** *are responsible for the judicial and extrajudicial representation of the company with the limitless* **GENERAL POWERS OF ATTORNEY** *of the company, in accordance with article one thousand two hundred and fifty-three of the Civil Code of Costa Rica, and must act jointly, at least two of them authorized o grant and revoke powers of all kinds, delegate and substitute all or part of their power, always reserving the exercise thereof, revoke substitutions, and make new ones, without ever losing their power.* **THE CHAIRMAN, CLERK and TREASURER** *will be authorized to act, in the name and representation of the company, before any and all administrative and judicial authorities; public and/or private entities; governmental and/or non-governmental; and, financial, banking or non-banking, state and/or private, and may also grant and/or revoke authorizations to signatories in the company's bank accounts. The members of the Board of Directors will remain in office for the entire corporate term unless removed by the Shareholders' Meeting.* **ELEVEN: Powers of the Board of Directors: a)** *dictate the statutes and regulations of the company;* **b)** *appoint other managers, attorneys-in-fact, agents or representatives when they deem it appropriate and with the names they deem appropriate to attend to the company's business or aspects thereof and grant such representatives the necessary powers;* **c)** *prepare an annual report of the corporate situation with balance sheets, losses or profits, dividend account, reports on unredeemed shares, if applicable,*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

*d) promote and drive the work of the company and organize it in a way that best suits the company interests. The call for meetings of the Board of Directors will be made by the Chairman through a circular letter that will be sent by mail, fax* or *any other electronic means of data transfer at least eight business days in advance, which will not include the day the letter is sent or that of the meeting. However, in any case, when all the members of the Board of Directors are gathered and they agree to hold a meeting, the prior call procedure may be dispensed with, stating such circumstance in the respective minutes. The meetings will be held at the company's address,* or *anywhere else inside* or *outside the country, as indicated in the call. Its resolutions will be valid when they are taken by a majority of the votes present and in the event of a tie, the Chairman of the Board of Directors will decide, in accordance with the power granted to him by article one hundred and eighty-four, second paragraph, of the Commercial Code. of the Republic of Costa Rica. The board will keep a book in which the minutes of its meetings will be recorded, indicating the place and date on which it will be held, recording the number of attendees and stating whether the agreements have been made unanimously or by majority. If the interested parties request it, reserved votes and the reasons for them will be recorded literally in the minutes. The minutes must be signed by those present.* __TWELVE:__ *__Holding Virtual Sessions.__ Both ordinary and extraordinary member assemblies and sessions of the governing body may be validly held virtually using technological systems or electronic means of communication such as videoconferencing, which allow full*

Shareholders' Meeting Minutes Book

*identification of the participants, as well as the safe and verifiable exercise of their rights to information and participation with voice and vote. These sessions will be carried out through the use of audios, videos, and data that guarantee bidirectional, undelayed participation in real time. Likewise, virtual sessions must comply with the principles of comprehensiveness, interactivity and simultaneity in the communication of all participants, with a guarantee of the conservation and authenticity of what was deliberated and agreed upon.* __THIRTEEN__*:* **Profits and losses:** *Five percent of the net profits of each annual year must be allocated to the formation of a legal reserve fund, an obligation that will cease when the fund reaches twenty percent of the share capital, and then the reserves indicated by the General Meeting will be separated. Dividends, if any, will be distributed on the remainder in proportion to the shares of each partner; Losses, if any, will be borne in the same way.* __FOURTEEN:__**Dissolution of the corporation.** *The company will be dissolved upon expiration of the term or when any of the causes provided for in article two hundred one of the Commercial Code of Costa Rica occur. Once the dissolution of the company has been agreed, the General Meeting with the legal quorum will proceed to appoint a liquidator and will establish his powers.* __FIFTEEN__*:* **Surveillance:** *The supervision of the company will be entrusted to a Prosecutor appointed by the General Meeting of Shareholders, who will remain in office for the entire corporate term or until he is removed from his position by the General Meeting.* __SIXTEEN:__ **REGISTERED AGENT.** *The company will have a Registered Agent who is appointed for the entire duration of the company.* __SEVENTEEN:__ **Dispute Resolution Mechanism between Shareholders:** *In the event of any dispute, controversy or claim (the 'Dispute';*

Shareholders' Meeting Minutes Book

*arising between the shareholders of the company, including any question regarding the existence, scope, validity or termination of these corporate bylaws or this clause, or any* other contractual or *non-contractual obligation,* including but not limited to *statutory claims* or *claims for damages, by any of the Shareholders, the Dispute will be referred to and finally resolved through legal Arbitration under the Regulations of the International Center for Conciliation and Arbitration (CICA) of the Costa Rican-North American Chamber of Commerce (AMCHAM) by three (3) designated arbitrators in accordance with the rules of the Arbitration Chamber. The seat of the arbitration will be in San José, Costa Rica, the arbitration proceedings will be conducted in English, and this Agreement, as well as the arbitration proceedings, will be governed by, construed and enforced in accordance with the laws of the Republic of Costa Rica . End of clauses."* **SIX:** Grant a non-exclusive right to subscribe for shares to the company **COSTAMERICA CAPITAL, LLC,** an entity duly incorporated in accordance with the laws of the state of Delaware to subscribe and pay up to **TWO HUNDRED AND NINETY-FIVE THOUSAND (295,000)** common and registered shares of the Company, at a price of **TWENTY DOLLARS ($20.00)** per share. In the event that the subscription of said shares is formalized by the company **COSTAMERICA CAPITAL, LLC,** the shareholder **AZURE HOLDING GROUP, LLC** will reserve an exclusive and irrevocable right of repurchase that will allow it to purchase part or all of the shares subscribed and paid for **by COSTAMERICA CAPITAL, LLC,** at a fair market price that will be established through a valuation that will be carried out by an external accounting firm, at the time the shareholder **AZURE HOLDING GROUP, LLC,** decides to execute said repurchase

right. **SEVEN:** Authorize the formalization and execution of a share subscription contract and shareholders' agreement with Mr. **Gregory D. Smith** for the subscription of **FIVE THOUSAND** (5,000) common and registered shares of the Company which will be paid at a price of Twenty ($20) ) dollars per share. **EIGHT:** Commission the Notaries Public Jose Antonio Muñoz Fonseca and Eduardo Zúñiga Brenes, so that, jointly or individually, they may notarize these minutes, verbatim or as applicable, or, if necessary, designate another Notary Public for this purpose. **NINE:** It is agreed to declare each of the agreements made in this Meeting as final. With no further matters to discuss, this Meeting is adjourned two hours after it began.

**Andrew Thompson**

By: **Azure Holding Group, LLC**

**Michael Steimle**

By: **Azure Holding Group, LLC**

**MINUTES NUMBER THREE:** Minutes of the extraordinary general meeting of shareholders of the company **AZURE RENEWABLES SOCIEDAD ANONIMA,** with Corporate ID number three-hundred-one eight hundred and fifty-six thousand six hundred and twenty-three (hereinafter "the Company") held by virtual means at seventeen hours on the fifteenth of November two thousand twenty-three. **I. Attendance.** Attending this meeting are Messrs. **MICHAEL STEIMLE,** with one single surname due to his American nationality, of legal age, businessman, holder of the passport of his country number five seven zero four six three six six four, **ii) ANDREW THOMPSON,** with one single last name due to their American nationality, of legal age, a businessman, holder of the passport of their country number five five seven zero nine eight seven five three, who act on behalf of the shareholder **AZURE HOLDING GROUP, LLC,** an entity incorporated and existing in accordance with the laws of

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No.: 4062001288592

Shareholders' Meeting Minutes Book

State of Wyoming of the United States of America owns seven hundred thousand common and registered shares with a par value of one dollar each; **iii) GREGORY D. SMITH,** with a single surname due to his American nationality, of legal age, holder of the passport of his country number five seven two nine zero one five zero four, who acts in his capacity as shareholder owner of twelve thousand five hundred common and registered shares with a par value of one dollar each; **iv) TODD COLES,** of a single surname due to his American nationality, of legal age, holder of the passport of his country number 514244811 and **JEROME R. MCSORLEY,** of a single surname due to his US nationality, of legal age, holder of their country's passport number six four four four nine two two eight three, who act on behalf of **COSTAMERICA CAPITAL LLC,** an entity incorporated and existing in accordance with the laws of the State of Delaware, with employer identification number nine two - one five nine zero three seven one, owner of sixty-five thousand six hundred and fifty-five common and registered shares with a nominal value of one dollar each; **v) JEROME RYAN MCSORLEY,** with a single surname due to his American nationality, of legal age, holder of the passport of his country number six four four four nine two two eight three, acting in his capacity as shareholder owner of five thousand common shares and nominative ones with a nominal value of one dollar each; **vi) TIM ROGERS,** with a single surname due to his American nationality, of legal age, holder of his country's passport number 538013221, who acts on behalf of **ROGERS LEGACY HOLDINGS, LLC,** an entity incorporated and existing in accordance with the laws of the State of North Carolina, with employer identification number nine two - three three three zero four eight three, owner of one thousand common and registered shares with a par value of one dollar each; **vii) KEVIN TANGEN,** with a single surname due to his American nationality, of legal age, holder of the passport of his country number five five five four six six nine eight six, Secretary of the Company; and **viii) HEATHER OVERTURF** with a single surname due to her American nationality, of legal age, holder of the passport of her country number zero five four five zero four three eight five, Company Attorney. **II. Quorum.** The quorum is considered duly incorporated, as more than half of the share capital with voting rights is present. **III. Credentials.** Messrs. Steimle, Thompson, Smith, Coles, McSorley, Rogers, Tangen and Mrs. Overturf, of the previously mentioned statuses, exhibit their credentials, which are corroborated, approved and considered legally valid for the purposes of this meeting. **IV. Agreements.** By unanimous vote the following agreements are made: **ONE:** In accordance with the prior call made by circular letter sent to the email designated by each of the shareholders, it is agreed to record that this meeting has been legally established on the first call because more than half of the share capital with right to vote. **TWO:** Appoint Daniel Arias Bustamante as ad hoc chairman, holder of identity card number one-thousand three hundred and forty-two-zero nine hundred and ninety-seven, and Miss María Fernanda Cuevillas Mora, holder of identity card number

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No.:

Shareholders' Meeting Minutes Book

one-thousand seven hundred and forty-seven-zero six hundred and eighty-six, as ad hoc clerk. **THREE:** Since this Extraordinary General Shareholders' Meeting has been held using electronic means, it is agreed to note that the technological means used has been the Microsoft Teams platform, which has allowed the participation of all shareholders present. Likewise, it is stated that the conditions of simultaneity, interactivity and integrality between the community of all participants have been met, in accordance with the provisions of Directive number DPJ - zero zero one two thousand twenty, issued by the Registry Directorate. of Legal Entities of Costa Rica and the provisions established in the corporate bylaws. **FOUR:** it is agreed to accept the update report on the energy generation potential, based on the results of the Heyl Patterson test. **FIVE:** it is agreed to receive the general update report on the progress of the project under development by the Company. **SIX:** It is agreed to accept the update report on the subject of land acquisition for the project. **SEVEN:** it is agreed to duly notify the shareholders of the offer to purchase thirty thousand shares from the treasury **EIGHT:** it is agreed to proceed with the signing of new share subscription agreements, according to the format and conditions discussed at the meeting. **NINE:** it is agreed to accept the update report on the Memorandums of Understanding for energy purchase agreements (or equivalent). **TEN:** it is agreed to ratify the following capital contributions made by the shareholders of the Company: **(i) GREGORY D. SMITH:** contribution of twelve thousand five hundred dollars, legal tender of the United States of America, made through a bank transfer to the accounts of the Company, with a view to the corresponding deposit receipt, which makes him the owner of twelve thousand five hundred common and registered shares with a nominal value of one dollar each; **(ii) COSTAMERICA CAPITAL LLC:** contribution of (sixty-five thousand six hundred and fifty-five) dollars, legal tender of the United States of America, made through a bank transfer to the Company's accounts, with a view to the corresponding deposit receipt, which makes him the owner of (sixty-five thousand six hundred and fifty-five) common and registered shares with a nominal value of one dollar each; **(iii) JEROME RYAN MCSORLEY:** contribution of five thousand dollars, legal tender of the United States of America, made through a bank transfer to the Company's accounts, with a view to the corresponding deposit receipt, which makes him the holder of five thousand common and registered shares with a nominal value of one dollar each; **(iv) ROGERS LEGACY HOLDINGS, LLC:** contribution of one thousand dollars, legal tender of the United States of America, made through a bank transfer to the Company's accounts, with a view to the corresponding deposit receipt, which makes holder of one thousand common and registered shares with a nominal value of one dollar each; **(v) JRLSA, LLC:** contribution of eight thousand dollars, legal tender of the United States of America, made through a bank transfer to the Company's accounts, with a view to the corresponding deposit receipt,

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No.:

Shareholders' Meeting Minutes Book

which makes him the owner of five thousand common and registered shares with a nominal value of one dollar each; **(vi) MORGAN INVESTMENT HOLDINGS, LLC:** contribution of one thousand dollars, legal tender of the United States of America, made through a bank transfer to the Company's accounts, with a view to the corresponding deposit receipt, which makes it holder of one thousand common and registered shares with a nominal value of one dollar each. **ELEVEN:** In view of the contributions mentioned in the previous agreement, it is agreed to capitalize these amounts, and thus increase the share capital of the company in the sum **of (NINETY-THREE THOUSAND ONE HUNDRED FIFTY-FIVE) dollars,** legal tender of the States United States of America, in accordance with the provisions of article thirty of the Commercial Code. **TWELVE.-** Therefore, it is agreed to modify the Fifth Clause on Share Capital in the Company's Bylaws, to read hereafter as follows: *"**FIVE.** SHARE CAPITAL The share capital is the sum **of the capital contributed of (SEVEN HUNDRED NINETY-THREE THOUSAND ONE HUNDRED FIFTY-FIVE)** dollars, legal tender of the United States of America, represented by **(SEVEN HUNDRED NINETY-THREE THOUSAND ONE HUNDRED FIFTY-FIVE)** common and registered shares with a nominal value of **ONE** dollar each, which are fully subscribed and paid by the shareholders. In addition, in accordance with article one hundred and six of the code of Commerce of the Republic of Costa Rica, the Board of Directors is authorized to, on or several occasions, increase the share capital up to the limit of one million dollars, legal tender of the United States of America, which will be represented by up to one million common and registered shares with a nominal value of one dollar, legal tender of the United States of America, each. The company is duly authorized to acquire and sell its own shares, as well as to grant loans on them, all at the discretion of the Board of Directors. The shares will be transferable by assignment and/or endorsement with prior authorization from the board of directors as established in clause Five Bis of these bylaws, which situation will be stated in the text of the titles and/or certificates, and must proceed to register in its records, as owner thereof, the person or persons in whose favor they have been assigned and/or endorsed. Titles representing one or more shares may be issued, and these will be signed by the Chairman and Treasurer of the Board of Directors, who are expressly authorized to make the corresponding submission of the titles and/or certificates.* **THIRTEEN:** it is agreed to ratify that the equity contributions made to date by the shareholders: (i) GREGORY D. SMITH; (ii) COSTAMERICA CAPITAL LLC; (iii) JEROME RYAN MCSORLEY; (iv) ROGERS LEGACY HOLDINGS LLC; (v) JRLSA LLC; and (vi) MORGAN INVESTMENT HOLDINGS LLC, in excess of the nominal value of the common and registered shares of the Company that were subscribed and paid for by said shareholders, which amount to the total sum of **TWO MILLION (EIGHTY-NINE THOUSAND NINE HUNDRED AND FORTY FIVE) DOLLARS,** legal tender of the United States of America, will be considered the assets of the Company that will be used to finance the development expenses of the project and therefore will not be capitalizable, shall

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CORPORATE ID 3-101-856623*                    Authorization No.:

Shareholders' Meeting Minutes Book

not generate interest, cannot be distributed as dividends, and they can only be returned to the shareholders in proportion to each shareholder's stake in the share capital of the Company by prior agreement made at the general meeting of shareholders, and therefore, they will be recorded in the Company's accounting as additional paid-in capital. **FOURTEEN:** It is agreed to modify the Second Clause on the Registered Office in the Company's Bylaws, to read hereafter as follows: ***"TWO: Registered Office: The registered office of the company will be in the city of San José, Escazú, San Rafael, EBC Corporate Center, eighth floor, Sfera Legal offices, and agencies and branches may be established in any part of the Republic of Costa Rica or outside it."*** **FIFTEEN:** It is agreed to authorize the ad hoc chairman and ad hoc clerk to sign the corresponding meeting minutes. **SIXTEEN:** There being no further matters to discuss, the previous agreements are declared final for immediate compliance and the Notaries Public Rafael Enrique Cañas Coto, Robert Christian van der Putten Reyes, Eric Scharf Taitelbaum, Jose Pablo Arce Piñar, José Alberto Schroeder Leiva, Andrés Montejo Morales, Fabiola Soler Bonilla, Andrea Martín Jiménez, Daniela Murillo Segura, Marianela Soto Vega, Celina María Valenciano Aguilar, Carolina Argüello Bogantes, Alejandra Salazar Blanco, Irene Castillo Rincón, Jaime Jiménez Umaña, Roberto Castillo Pacheco, Nidia Zúñiga González, Andrea Castro Rojas, Ismene Arroyo Marín, Andreina Morales Ortega, Luis Jeancarlo Angulo Bonilla and Nancy Prendas Naranjo are commissioned to, jointly or individually, notarize verbatim or as applicable the minutes corresponding to this Meeting, or to designate another Notary for this purpose.

**Note:** On page twenty-seven, line one, do not read the word "five", and instead read "eight". Nothing further. Same place, time and date.

**Note:** On page twenty-six, line twenty-two, do not read what is indicated in parentheses, and instead read "one hundred three thousand two hundred six", and line twenty-five, do not read what is indicated between parentheses, and instead read "one hundred and three thousand two hundred and six." On page twenty-seven, line seven, do not read what is indicated in parentheses, and instead read **"ONE HUNDRED AND THIRTY THOUSAND SEVEN HUNDRED AND SIX",** lines eleven and twelve, do not read what is indicated in parentheses and instead read **"EIGHT HUNDRED AND THIRTY THOUSAND SEVEN HUNDRED AND SIX",** line thirteen, do not read what is indicated in parentheses and instead read

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CORPORATE ID 3-101-856623*      Authorization No: 4062001288592

Shareholders' Meeting Minutes Book

**"EIGHT HUNDRED AND FIFTY THOUSAND SEVEN HUNDRED SIX",** and line thirty-three do not read what is indicated between parentheses, and instead read **"EIGHT HUNDRED THREE THOUSAND FOUR HUNDRED FOURTEEN".** Nothing further. Same place, time and date.



**MINUTES NUMBER FOUR:** Extraordinary General Meeting of the company **AZURE RENEWABLES SOCIEDAD ANÓNIMA,** domiciled in San Jose, Santa Ana, Pozos, Forum One Business Center, Building B, Second Floor, Dentons Muñoz Offices, held on the Microsoft Teams virtual platform at eleven o'clock on May 15, 2024. Because the entire share capital is present, the prior call requirement is dispensed with, the session is declared open and the following agreements are made unanimously: **ONE:** to appoint Mr. EMMANUEL PINTO ESQUIVEL, of legal age, single, a legal assistant, bearer of identity card number l-1439-0627, resident of Escazú, San Rafael, San José and KEVIN (name) TANGEN (with a single surname by virtue of his American nationality), of legal age, married, engineer, holder of the passport of his country 555466986, resident of Washington, United States, as ad hoc Chairman and ad hoc Clerk, respectively, of this extraordinary general meeting of Azure Renewables S.A., **TWO:** modify the fifth clause of the articles of incorporation so that the share capital is read at $814,533.00 dollars, legal tender of the United States of America, **THREE:** Immediate **REMOVAL** of Mr. **MICHEAL** (name) **STIEMLE** (with a single surname by virtue of his American nationality), holder of passport 570463664, as president of Azure Renewables S.A. **FOUR:** appointment of Mr. **K.EVIN TANGEN** of the indicated statuses, as the new president of Azure Renewables S.A., who accepts his position as president and resigns from the position of secretary upon registration of the new position. **FIVE:** appointment of Mr. **JEROME** (name) **McSORLEY** (with a single surname by virtue of his American nationality), holder of passport 6444992283, as the new secretary, who accepts his position at this meeting. **SIX:** Kevin Tangen, with the statuses already mentioned, is authorized to notarize this document in its appropriate or literal aspects with the notary of his choice. There being no further matters to discuss, the previous agreement made by unanimous vote is declared final and the meeting is adjourned fifteen minutes after it began. THIS IS ALL, at 11:20am on May 15, 2024.

**EMMANUEL PINTO**

**Ad Hoc Chairman**

**KEVIN TANGEN**

**Ad Hoc Clerk**

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

---

### AZURE RENEWABLES SOCIEDAD ANÓNIMA.

| [X] Primera vez | [ ] Renovación | [ ] Reposición |
|---|---|---|
| [ ] Transformación | [ ] Cierre de Libros | |

---

### AZURE RENEWABLES SOCIEDAD ANÓNIMA
HACE CONSTAR;

Que aquí inicia el libro:

**ACTAS DE ASAMBLEA DE ACCIONISTAS**          No.  1

Que llevará **AZURE RENEWABLES SOCIEDAD ANÓNIMA**

Cédula jurídica número *3-101-856623*

Consta de **100** folios, en perfecto estado de conservación y de limpieza.

Número de legalización que consta en el Registro Nacional: 4062001288592

Fecha de emisión 20 de julio de 2022

*CEDULA JURIDICA 3-101-856623*        Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

**RAZÓN DE LEGALIZACIÓN DE LIBROS**: La Sociedad **AZURE RENEWABLES SOCIEDAD ANÓNIMA**, con cédula jurídica número tres-ciento uno-ochocientos cincuenta y seis mil seiscientos veintitrés, sociedad inscrita y vigente en la República de Costa Rica, en el Registro Público de Personas Jurídicas, bajo la cédula indicada, efectúa apertura oficial del Tomo Uno del Libro de **ACTAS DE ASAMBLEA DE ACCIONISTAS**, que consta de cien folios, bajo el número de legalización cuatro cero seis dos cero cero uno dos ocho ocho cinco nueve dos. San José, veinte de julio de dos mil veintidós.

_____
MICHAEL STEIMLE
PRESIDENTE

**ACTA NÚMERO UNO:** Acta de Asamblea General Extraordinaria de Accionistas de la sociedad **AZURE RENEWABLES SOCIEDAD ANÓNIMA**, con cédula jurídica tres - ciento uno – ochocientos cincuenta y seis mil seiscientos veintitrés (en adelante "la Compañía") celebrada en San José, Pozos de Santa Ana, Costa Rica, Centro Empresarial Fórum I, Edificio B, Segundo Piso, a las trece horas del dieciocho de octubre de dos mil veintidós. I. **Asistencia**. Asiste a esta Asamblea el señor **JOSÉ MANUEL GUERRA BONILLA**, mayor de edad, soltero, abogado, con domicilio profesional en las oficinas de Dentons Muñoz, ubicadas en San José, Santa Ana, Pozos, Centro Empresarial Fórum I, Edificio B, Segundo Piso, portador de la cédula de identidad número uno – mil cuatrocientos setenta y tres – cero ochocientos noventa y ocho, quien actúa en representación de **AZURE HOLDING GROUP, LLC**, una entidad constituida y existente de conformidad con las leyes del Estado de Wyoming, que es la legítima propietaria del cien por ciento del capital social de la Compañía. II. **Quorum**. En esta

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*        Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

Asamblea se encuentra debidamente representada la totalidad de capital social de la compañía. III. **Credenciales**. El señor Guerra Bonilla, de calidades previamente mencionadas, exhibe sus credenciales que consisten en una carta poder expedida y firmada por el accionista, la cual es corroborada, aprobada y tenida por legalmente válida para efectos de la Asamblea. Dicha carta poder se guarda en los archivos de la Compañía. IV. **Acuerdos**. Por unanimidad de votos se toman los siguientes acuerdos: **PRIMERO:** Se acuerda prescindir del trámite de convocatoria previa y tener como debida y legalmente instalada esta Asamblea, por encontrarse representada la totalidad del capital social de la Compañía. **SEGUNDO:** Nombrar como Presidente y Secretario ad hoc de la presente Asamblea al señor Guerra Bonilla, de calidades antes indicadas. **TERCERO:** Otorgar poder especial, tan amplio y suficiente como en derecho corresponda, de conformidad con el artículo mil doscientos cincuenta y seis del Código Civil de Costa Rica y el artículo tres de la Resolución Conjunta de Alcance General del Registro de Transparencia y Beneficiarios Finales del Banco Central de Costa Rica, a: **i) EDUARDO JOSÉ ZÚÑIGA BRENES,** mayor de edad, casado en primeras nupcias, abogado, portador de la cédula de identidad número uno – mil noventa y cinco – cero seiscientos cincuenta y seis, con domicilio profesional en las Oficinas Dentons Muñoz, ubicadas en San José, Santa Ana, Pozos, Centro Empresarial Forum I, Edificio B, segundo piso, y **ii) JOSÉ MANUEL GUERRA BONILLA,** mayor de edad, soltero, abogado, portador de la cédula de identidad número uno – mil cuatrocientos setenta y tres – cero ochocientos noventa y ocho, con domicilio profesional en las Oficinas Dentons Muñoz, ubicadas en San José, Santa Ana, Pozos, Centro Empresarial Forum I, Edificio B, segundo piso, pudiendo actuar conjunta o separadamente, para actuar en

Libro de Actas de Asamblea de Accionistas

representación de la Sociedad y realizar todos y cualesquiera actos relacionados con el Registro del Registro de Transparencia y Beneficiarios Finales del Banco Central de Costa Rica, en cumplimiento de las leyes y reglamentos relevantes, vigentes y aplicados por las autoridades competentes. Los apoderados estarán autorizado para: (i) interactuar con las plataformas tecnológicas creadas para este registro; (ii) presentar todas las declaraciones ordinarias y extraordinarias; (iii) presentar todo tipo de formularios, declaraciones, declaraciones juradas, y/o solicitudes; (iv) solicitar rectificación de cualquier información previamente suministrada y presentar formularios, declaraciones, declaraciones juradas y/o solicitudes de rectificación, según sea necesario; (v) actuar en representación de la Sociedad en sede judicial y/o administrativa en cualesquiera procedimientos relacionados con este registro; y, (vi) recibir notificaciones y comunicaciones relacionadas con este registro. Los apoderados estarán autorizados para otorgar, delegar y sustituir su poder en todo o en parte, reservándose siempre el ejercicio de sus poderes, revocar sustituciones y poderes y hacer otros de nuevo, sin perder nunca sus poderes. Queda expresamente convenido que: (a) los apoderados se encuentran autorizados a suministrar toda la información requerida sobre los accionistas de la Sociedad, así como con relación a todas las personas físicas y jurídicas que participan, sea directa o indirectamente, en la cadena de propiedad de la Sociedad, hasta el nivel solicitado por el Banco Central de Costa Rica; y, (b) la Sociedad libera en este acto a los apoderados de cualquier responsabilidad relacionada con o derivada del ingreso de información falsa, imprecisa y/o incompleta proporcionada por la Sociedad y sus respectivos funcionarios, directores, apoderados, empleados, agentes, consejeros, contralores y/o miembros. La Sociedad

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

acuerda defender, indemnizar y mantener a los apoderados incólumes de y contra todas y cualesquiera pérdidas, reclamos, daños, responsabilidades y gastos, o cualquier reclamo, litigio, investigación o procedimiento relacionado, iniciado por cualquier autoridad competente. **CUARTO:** Otorgar Poder Especial, tan amplio y suficiente como en derecho corresponda, de conformidad con el artículo mil doscientos cincuenta y seis del Código Civil de Costa Rica, a favor de: **(i) RICARDO JOSÉ MORA AZOFEIFA,** mayor, soltero, licenciado en Derecho, portador de la cédula de identidad tres – cero cuatro nueve nueve – cero ocho siete cero, con domicilio profesional en San José, Santa Ana, Pozos, Centro Empresarial Forum I, Edificio B, Segundo Piso, Dentons Muñoz, **(ii) ARON MEKLER BENAVIDES,** de nacionalidad peruana, mayor de edad, soltero, asistente legal, vecino de San José, Escazú, San Rafael, de Perimercados cien metros oeste y veinticinco metros sur, portador de la cédula de residencia DIMEX número uno seis cero cuatro cero cero dos dos uno ocho uno nueve; y, **(iii) JOSÉ MANUEL GUERRA BONILLA,** mayor de edad, soltero, abogado, portador de la cédula de identidad número uno – mil cuatrocientos setenta y tres – cero ochocientos noventa y ocho, con domicilio profesional en las oficinas de Dentons Muñoz, ubicadas en San José, Santa Ana, Pozos, Centro Empresarial Fórum I, Edificio B, Segundo Piso; para que, en nombre y representación de **MICHAEL (nombre) STEIMLE (apellido),** de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, casado una vez, empresario, portador del pasaporte de su país número cinco siete cero cuatro seis tres seis seis cuatro, vecino de uno Wylly Island Drive, Savannah, Georgia, tres uno cuatro cero seis, actuando conjunta o individualmente, y de la manera más extensa, puedan válidamente registrar su nombramiento como Presidente y representante legal

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*      Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

de la sociedad **AZURE RENEWABLES S.A.**, ante el Registro Único Tributario de Costa

Rica. Los apoderados están plenamente facultados para llevar a cabo los siguientes

actos: a) solicitar un Número de Identificación Tributaria Especial (NITE) para acceder

al Portal Administración Tributaria Virtual, de conformidad con los artículos ciento dos,

ciento setenta y uno y ciento ochenta del Código de Normas y Procedimientos

Tributarios, para lo cual podrán gestionar, presentar, firmar, obtener o retirar cualquier

formulario o solicitud, así como realizar cualquier otro trámite requerido a tales fines; y,

b) completar, firmar y presentar el Formulario D-Ciento Cuarenta para la Declaración de

Inscripción y/o Modificación de Datos de la sociedad en el Registro Único Tributario. La

presentación de solicitudes, requisitos y declaraciones ante la Administración Tributaria

podrá realizarse de forma presencial o virtual a través de la plataforma de trámites

virtuales de la Dirección General de Tributación (TRAVI); la firma de cualesquiera

documentos podrá realizarse de forma convencional o a través de firma digital. El

apoderado estará autorizado para otorgar, delegar y sustituir su poder en todo o en

parte, reservándose siempre el ejercicio de sus poderes, revocar sustituciones y

poderes y hacer otros de nuevo, sin perder nunca sus poderes. **QUINTO:** Autorizar a

los Notarios Públicos **JOSÉ ANTONIO MUÑOZ FONSECA** y **EDUARDO JOSÉ**

**ZÚÑIGA BRENES**, para que, conjunta o separadamente, protocolicen esta acta, o

designen a otro notario con este propósito. **SEXTO:** Se acuerda declarar como firmes

cada uno de los acuerdos tomados en esta Asamblea. Sin haber más asuntos que tratar,

se da por terminada esta Asamblea una hora después de iniciada.

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

**ACTA NÚMERO DOS:** Acta de asamblea general extraordinaria de accionistas de la sociedad **AZURE RENEWABLES SOCIEDAD ANÓNIMA**, con cédula jurídica tres - ciento uno – ochocientos cincuenta y seis mil seiscientos veintitrés y domicilio social en San Jose, Santa Ana, Pozos, Centro Empresarial Forum Uno, edificio B, segundo piso, oficinas de Dentons Muñoz (en adelante "la Compañía") celebrada en uno Wylly Island Drive, Savannah, Georgia, tres uno cuatro cero seis, Estados Unidos de América, a las catorce horas del dieciséis de enero de dos mil veintitrés. I. **Asistencia**. Asisten a esta asamblea los señores **MICHAEL STEIMLE,** de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, empresario, portador del pasaporte de su país número cinco siete cero cuatro seis tres seis seis cuatro, y **ANDREW THOMPSON,** de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, empresario, portador del pasaporte de su país número cinco cinco siete cero nueve ocho siete cinco tres, quienes actúan en representación de **AZURE HOLDING GROUP, LLC,** una entidad constituida y existente de conformidad con las leyes del Estado de Wyoming, que es la legítima propietaria del cien por ciento del capital social de la Compañía. II. **Quorum**. En esta Asamblea se encuentra debidamente representada la totalidad del capital social de la compañía. III. **Credenciales**. Los señores Steimle y Thompson, de calidades previamente mencionadas, exhiben sus credenciales, las cuales son corroboradas, aprobadas y tenidas por legalmente válidas para efectos de esta asamblea. IV. **Acuerdos**. Por unanimidad de votos se toman los siguientes acuerdos: **PRIMERO:** Se acuerda prescindir del trámite de convocatoria previa y tener como debida y legalmente instalada esta asamblea, por encontrarse representada la totalidad del capital social de la Compañía. **SEGUNDO:** Nombrar presidente de esta

Libro de Actas de Asamblea de Accionistas

asamblea al Señor Michael Steimle y como secretario ad-hoc, al señor Andrew Thompson, ambos de calidades antes indicadas. **TERCERO:** Aprobar los aportes de trabajo personal y conocimientos en ingeniería e investigación y desarrollo, que han sido realizados por la accionista **AZURE HOLDING GROUP, LLC**, y sus miembros, entre el día primero de octubre del año dos mil veintiuno y el día treinta y uno de diciembre del año dos mil veintidós, los cuales han sido puestos a disposición de la Compañía a partir de su fecha de constitución y hasta el día treinta y uno de diciembre del año dos mil veintidós. Dichos aportes de trabajo personal y conocimientos que fueron realizados por la accionista **AZURE HOLDING GROUP, LLC**, son valorados por esta asamblea en la suma de seiscientos noventa y nueve mil novecientos dólares ($699,900.00), moneda de curso legal de los Estados Unidos de América, siendo que dichos aportes han resultado ser esenciales para la planificación y estructuración del proyecto de negocios que la compañía desarrollará en Costa Rica. **CUARTO:** De conformidad con la estimación y aprobación en firme de los aportes de trabajo personal y conocimientos realizados por la accionista **AZURE HOLDING GROUP, LLC**, se acuerda capitalizar la suma de seiscientos noventa y nueve mil novecientos dólares ($699,900.00), moneda de curso legal de los Estados Unidos de América y por ende se acuerda aumentar el capital social suscrito y pagado de la compañía a la suma de setecientos mil dólares ($700,000.00) moneda de curso legal de los Estados Unidos de América, representado por setecientas mil acciones comunes y nominativas con un valor nominal de un dólar moneda de curso legal de los Estados Unidos de América, cada una, las cuales se encuentran debidamente suscritas y pagadas en su totalidad por la accionista **AZURE HOLDING GROUP LLC**. Asimismo, de conformidad con el artículo ciento seis del

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*     Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

Código de Comercio de la República de Costa Rica, se autoriza a la Junta Directiva para que, por una o más veces, aumente el capital social hasta el límite de un millón de dólares ($1000,000.00), moneda de curso legal de los Estados Unidos de América, el cual será representado hasta por un millón de acciones comunes y nominativas con un valor nominal de un dólar, moneda de curso legal de los Estados Unidos de América, cada una. **QUINTO:** En virtud del acuerdo tomado de aumentar el capital social de la Compañía y la entrada de nuevos accionistas en los meses por venir, se acuerda reformar de forma integral el pacto constitutivo de la Compañía para que en adelante se lea de la siguiente manera: *"ESTATUTOS SOCIALES: PRIMERA: Denominación social: La sociedad se denominará "AZURE RENEWABLES SOCIEDAD ANÓNIMA", cuyo aditamento se podrá abreviar como S.A., y que es nombre de fantasía. SEGUNDA: Del Domicilio Social: El domicilio de la sociedad estará en la Provincia de San José, Cantón Santa Ana, Distrito Pozos, Centro Empresarial Forum Uno, Edificio B, segundo piso, oficinas de Dentons Muñoz, sin perjuicio de establecer sucursales y/o agencias en otros lugares del país o fuera de la República de Costa Rica. TERCERA: Del Objeto: La sociedad tendrá por objeto principal la producción de Biocarbon para su exportación y venta en el mercado local, adicionalmente la sociedad tendrá como objeto la importación, la exportación, las representaciones, la minería, la agricultura, la ganadería, la prestación de servicios públicos cuando así lo autoricen las instituciones respectivas, la industria y el comercio en general; para llenar sus fines podrá comprar, vender, hipotecar y en cualesquiera otras formas poseer y disponer de toda clase de bienes muebles e inmuebles, derechos reales y personales. Podrá formar parte de otras sociedades, recibir bienes en fideicomiso, así como rendir cualquier clase de fianzas o*

Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*garantías a favor de sus accionistas y terceros, siempre y cuando de ello perciba una*

*retribución económica. La sociedad podrá, además: (i) llevar a cabo negocios de*

*cualquier naturaleza, dentro o fuera de la República de Costa Rica. (ii) Comprar, vender,*

*permutar, arrendar, administrar, comerciar, tener e invertir en bienes muebles o*

*inmuebles de cualquier índole, así como en mercancías, bienes perecederos, efectos*

*personales, productos y demás bienes de cualquier naturaleza o descripción, (iii)*

*Realizar todo tipo de operaciones comerciales o financieras y vender, prestar y exportar*

*servicios, y para tal propósito emplear el personal que sea necesario, (iv) Participar en*

*la forma que sea en otras sociedades o compañías, sean costarricenses o sean*

*extranjeras, (v) Comprar, vender y en general hacer negocios con acciones, bonos,*

*valores y efectos personales de cualquier naturaleza o descripción, (vi) Actuar como*

*fideicomitente, fideicomisario o beneficiario de fideicomisos dentro o fuera de la*

*República de Costa Rica, (vii) Recibir y/o pagar regalías, comisiones y demás tipos de*

*ingresos o egresos según el caso, (viii) Celebrar todo tipo de convenios de préstamo,*

*hipotecas, cesiones y contratos o convenios de cualquier índole, incluyendo los de*

*fianza a favor de terceras personas y/o garantías por obligaciones de terceras personas,*

*(ix) Abrir cuentas bancarias de cualquier clase y disponer respecto de estas, en*

*cualquier banco o establecimiento financiero en cualquier parte del mundo. CUARTA:*

*Plazo Social: El plazo social será de noventa y nueve años a partir de la fecha de*

*constitución. QUINTA: Capital social: El capital social es la suma de SETECIENTOS*

*MIL dólares, moneda de curso legal de los Estados Unidos de América representado*

*por SETECIENTAS MIL acciones comunes y nominativas con un valor nominal de UN*

*dolar cada una, las cuales se encuentran íntegramente suscritas y pagadas por los*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*          Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*accionistas. Asimismo, de conformidad con el artículo ciento seis del Código de Comercio de la República de Costa Rica, se autoriza a la Junta Directiva para que, por una o más veces, aumente el capital social hasta el límite de un millón de dólares ($1000,000.00), moneda de curso legal de los Estados Unidos de América, el cual será representado hasta por un millón de acciones comunes y nominativas con un valor nominal de un dólar, moneda de curso legal de los Estados Unidos de América, cada una. Queda la sociedad debidamente autorizada para adquirir y vender sus propias acciones, así como para otorgar préstamos sobre ellas, todo a juicio de la Junta Directiva. Las acciones serán transmisibles por cesión y/o endoso previa autorización del consejo de administración según se establece en la cláusula Quinta Bis de estos estatutos, situación que se hará constar en el texto de los títulos y/o certificados, debiendo proceder a inscribir en sus registros, como titular de las mismas, a la persona o personas a cuyo favor hayan sido cedidas y/o endosadas. Podrán emitirse títulos representativos de una o más acciones, y éstos, serán firmados por el Presidente y Tesorero de la Junta Directiva, quienes quedan expresamente facultados para hacer la remisión correspondiente de los títulos y/o certificados. __QUINTA BIS:__ **De la restricción a la transferencia de acciones:** Todo traspaso de acciones comunes y nominativas de la Compañía, deberá ser comunicado por escrito a la Junta Directiva, la cual, autorizará o no el traspaso designado de conformidad con los siguientes plazos y condiciones: **i)** **Derecho de Primer Rechazo.** En caso de que un Accionista (el "Accionista Vendedor") desee vender la totalidad o parte de sus acciones conforme a una oferta de buena fe que haya recibido por parte de un tercero interesado no accionista de la Compañía (la "Oferta de Compra"), deberá notificar la Oferta de Compra a la Junta Directiva, vía correo*

Libro de Actas de Asamblea de Accionistas

*electrónico o fax dentro de los cinco días hábiles siguientes a la fecha de la Notificación*

*de la Oferta (la "Comunicación de la Oferta de Compra"). La Notificación de Oferta de*

*Compra incluirá los términos y condiciones de la Oferta de Compra (incluidos, entre*

*otros, el precio, la descripción y la cantidad de acciones que se venderán, el método de*

*pago, los términos de pago, la información personal del oferente y el acuerdo del*

*oferente para convertirse en parte de este Pacto Social en virtud de la compra de las*

*acciones ofrecidas, dicha Oferta de Compra deberá ser debidamente firmada por el*

*Accionista Vendedor y el oferente. La Junta Directiva remitirá a los demás Accionistas*

*("Potenciales Accionistas Compradores") la Oferta de Compra y sus términos en el plazo*

*de tres días hábiles. Los Potenciales Accionistas Compradores tendrán un plazo de*

*quince días naturales a partir de la fecha de la Comunicación de la Oferta para decidir*

*si adquieren o no las acciones ofertadas al precio y en los términos contenidos en la*

*Oferta de Compra. Si los Potenciales Accionistas Compradores notifican a la Junta*

*Directiva su intención de no comprar las acciones ofrecidas dentro del plazo aquí*

*estipulado, La junta Directiva procederá a autorizar el traspaso de las acciones y*

*comunicará al Accionista Vendedor que podrá aceptar la Oferta de Compra y proceder*

*con la venta en virtud de la misma, siempre que la venta al oferente se realice dentro de*

*los sesenta días naturales siguientes a la finalización del plazo de quince días naturales*

*estipulado. En este caso, el oferente se convertirá en parte de este Acuerdo en virtud*

*de la compra de las acciones ofrecidas. Si la venta no se ejecuta y concluye dentro del*

*plazo aquí establecido, el Accionista Vendedor deberá iniciar nuevamente el proceso*

*establecido en esta Sección. Si un Potencial Accionista Comprador notifica a la Junta*

*Directiva dentro del plazo indicado de quince días naturales sobre su decisión de*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*comprar las acciones del Accionista Vendedor al precio y en los términos que figuran en*

*la Oferta de Compra, la Junta Directiva procederá a autorizar el traspaso de las acciones*

*y dentro del plazo de dos días hábiles comunicará al Accionista Vendedor que deberá*

*vender las acciones ofrecidas al Accionista Comprador y el Accionista Vendedor*

*venderá, endosará y entregará al Accionista Comprador las acciones ofrecidas, en el*

*plazo de un mes calendario a partir de la autorización de la Junta Directiva para el*

*traspaso de las acciones. Si la venta y transferencia no se consuma dentro de este*

*período, el Accionista Vendedor deberá realizar el proceso establecido en esta cláusula*

*nuevamente para poder vender sus acciones. Si más de un Potencial Accionista*

*Comprador notifica a la Junta Directiva dentro del plazo estipulado de quince días*

*naturales sobre su decisión de comprar las acciones ofrecidas del Accionista Vendedor*

*al precio y en los términos y condiciones establecidos en la Oferta de Compra, la Junta*

*Directiva procederá a autorizar el traspaso de las acciones y en el plazo de dos días*

*hábiles comunicará al Accionista Vendedor que deberá vender las acciones ofrecidas a*

*los Accionistas Compradores de acuerdo con su porcentaje de participación*

*correspondiente al momento de la oferta. El Accionista o Accionistas que adquieran las*

*acciones ofertadas dispondrán de un plazo de sesenta días naturales, contados a partir*

*de la autorización de la Junta Directiva, para formalizar y concluir dicha compra. Si la*

*compra no se ejecuta y concluye dentro del plazo aquí establecido por causa imputable*

*a los Accionistas compradores, el Accionista Vendedor podrá vender las acciones*

*ofrecidas al tercero al precio y en los términos que figuran en la Oferta de Compra. Si la*

*compra no es ejecutada y concluida dentro del plazo aquí establecido por causa*

*imputable al Accionista Vendedor, el Accionista Vendedor deberá iniciar nuevamente el*

Libro de Actas de Asamblea de Accionistas

*proceso establecido en esta sección. **ii) Derecho de Acompañamiento**. En caso de que algún accionista (Accionista Vendedor) desee vender la totalidad o parte de sus acciones conforme a una oferta de buena fe que haya realizado a un tercero comprador interesado no accionista de la Compañía (la "Oferta de Venta"), dicho Accionista Vendedor deberá notificar la Oferta de Venta a la Junta Directiva, vía correo electrónico o fax dentro de los cinco días hábiles siguientes a la fecha en que haya formalizado la Oferta de Venta con el posible comprador (la "Comunicación de la Oferta de Venta"). La Notificación de Oferta de Venta incluirá los términos y condiciones de la Oferta de Venta (incluidos, entre otros, el precio, la descripción y la cantidad de acciones que se venderán, el método de pago, los términos de pago, la información personal del comprador y el acuerdo del comprador para convertirse en parte de este Pacto Social en virtud de la compra de las acciones ofrecidas, dicha Oferta de Venta deberá ser debidamente firmada por el Accionista Vendedor y el comprador y se considerará como una oferta vinculante en caso de que los demás Accionistas no ejerzan su derecho de acompañamiento. La Junta Directiva remitirá a los demás Accionistas la Oferta de Venta y sus términos vía correo electrónico o fax en el plazo de tres días hábiles, brindándoles un plazo de quince días naturales a partir de la fecha de la remisión de la Oferta para decidir si venden o no sus acciones al posible comprador en el mismos términos y condiciones contenidos en la Oferta de Venta. Si los demás Accionistas notifican a la Junta Directiva su intención de no vender sus acciones dentro del plazo aquí estipulado, su derecho de Acompañamiento se considerará vencido para dicha Oferta de Venta, pero no para futuras Ofertas de Venta, y la Junta Directiva procederá a autorizar el traspaso de las acciones y dentro del plazo de dos días hábiles comunicará vía correo*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*          Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*electrónico o fax, al Accionista Vendedor que puede proceder con la venta de las acciones en virtud de la oferta de venta notificada. En este caso, el comprador se convertirá en parte de este Pacto Social en virtud de la compra de las acciones ofrecidas. Si la venta autorizada no es ejecutada y concluida dentro del plazo de sesenta días naturales contados a partir de la notificación de la autorización para el traspaso brindada por la Junta Directiva, el Accionista Vendedor deberá iniciar nuevamente el proceso establecido en esta Sección. En caso de que uno o más Accionistas notifiquen a la Junta Directiva dentro del plazo establecido de quince días naturales su decisión de vender una parte o la totalidad de sus acciones al posible comprador, al precio y en los términos contenidos en la Oferta de Compra (los "Accionistas de Acompañamiento"), entonces La Junta Directiva comunicará vía correo electrónico o fax en el plazo de dos días hábiles a El Accionista vendedor que solamente autorizará la venta y transferencia de las acciones ofrecidas si el Posible Comprador compra al mismo tiempo y bajo los mismos términos y condiciones las acciones que los Accionistas acompañantes desean vender, o en su defecto, si los Accionistas Acompañantes y el Accionista Vendedor participan en la venta en forma proporcional para cumplir con la Oferta de Venta. La proporción de la Oferta de Venta que será satisfecha por los Accionistas Acompañantes y el Accionista Vendedor se determinará en relación con su participación porcentual en la Compañía en comparación con los demás Accionistas Acompañantes y el Accionista Vendedor. En caso de que el Posible Comprador manifieste su acuerdo de comprar al mismo tiempo y bajo los mismos términos y condiciones las acciones que los Accionistas Acompañantes y el Accionista Vendedor desean vender, o en su defecto, desea realizar la compra de manera proporcional según se establece en esta sección, dicha situación*

Libro de Actas de Asamblea de Accionistas

*deberá ser comunicada a la Junta Directiva por los accionistas que desean vender en el*

*plazo de cinco días hábiles mediante el envío vía correo electrónico o fax de una Oferta*

*de Venta actualizada donde se reflejen los nuevos términos de la venta. Una vez recibida*

*la oferta de venta actualizada, la Junta Directiva procederá a validar que la misma*

*cumple con las condiciones establecidas en esta sección y de cumplirlas, procederá a*

*autorizar y comunicar el traspaso de las acciones a los accionistas vía correo electrónico*

*o fax en el plazo de dos días hábiles. Si la venta no se ejecuta y concluye dentro de un*

*plazo de sesenta días naturales desde la comunicación de la autorización para la*

*transferencia por parte de la Junta Directiva a los Accionistas, el Accionista Vendedor*

*deberá iniciar nuevamente el proceso establecido en esta Sección. **iii) Derecho de***

***Arrastre.** En el caso de que uno o más Accionistas acepten una oferta de buena fe por*

*parte de un tercero no accionista para comprar un mínimo del cincuenta y uno por ciento*

*de las Acciones que representan el capital social de la Compañía, deberán notificar*

*dicha Oferta de Compra a la Junta Directiva, vía correo electrónico o fax dentro de los*

*cinco días hábiles siguientes a la fecha de la Notificación de la Oferta (la "Comunicación*

*de la Oferta de Compra"). La Notificación de Oferta de Compra incluirá los términos y*

*condiciones de la Oferta de Compra (incluidos, entre otros, el precio, la descripción y la*

*cantidad de acciones que se venderán, el método de pago, los términos de pago, la*

*información personal del oferente y el acuerdo del oferente para convertirse en parte de*

*este Pacto Social en virtud de la compra de las acciones ofrecidas, dicha Oferta de*

*Compra deberá ser debidamente firmada por el Accionista o accionistas Vendedores y*

*por el oferente. La Junta Directiva remitirá a los demás Accionistas la Oferta de Compra*

*y sus términos en el plazo de tres días hábiles indicando que todos los Accionistas*

Libro de Actas de Asamblea de Accionistas

*(incluido cualquier Accionista que no haya aceptado la oferta de compra del tercero) podrán verse obligados a vender todas sus Acciones a dicho tercero en los mismos términos y condiciones establecidos en la Oferta de Compra, para cumplir con el porcentaje de participación en el capital de la Compañía que el tercero está dispuesto a comprar, asimismo, se indicara que dicha transferencia de acciones será autorizada en caso que el tercero desee comprar dichas acciones, y solo si el precio de compra es al menos igual al valor justo de mercado, que será determinado por una valuación independiente, que será acordada y ejecutada por los Accionistas en el plazo máximo de dos meses calendario. En este caso, si el tercero está comprando menos del cien por ciento de las participaciones en el capital de la Compañía y si el Accionista o Accionistas que aceptaron la oferta inicial no pueden cumplir con el porcentaje de participación en el capital que el tercero está dispuesto a comprar, entonces los demás accionistas se verán obligados a vender sus acciones en proporción a su porcentaje de participación en la Sociedad a fin de cumplir con el número de acciones que el tercero desee adquirir y la Junta Directiva procederá con la autorización de la transferencia de acciones en un plazo de dos días hábiles a partir del momento en que se haya concretado la valuación independiente que fije el precio de compra de las acciones a un valor justo de mercado. Para los efectos de esta cláusula, las ofertas separadas dirigidas a diferentes Accionistas por el mismo tercero o cualquier combinación de terceros que actúen de manera conjunta se considerarán una sola Oferta de Compra. El silencio injustificado de la Junta Directiva en cualquiera de los casos anteriores equivaldrá a la autorización. La sociedad podrá negarse a inscribir el traspaso de acciones que se hubiese hecho sin estar autorizado por la Junta Directiva en los términos aquí indicados.*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*Las restricciones de transferencia establecidas en esta cláusula no se aplicarán a las transferencias a favor de entidades subsidiarias de propiedad absoluta de la Compañía o de sus accionistas, fideicomisos testamentarios, o a favor de parientes hasta el tercer grado de afinidad o consanguinidad. **SEXTA**: **De la Emisión de Otros Títulos**: La sociedad tendrá amplia facultad para emitir toda clase de títulos valores con las designaciones, preferencias, privilegios, restricciones, limitaciones y otras modalidades y en especial títulos de capital. Los títulos valores o títulos de capital podrán ser amortizados por la sociedad cuando lo juzgue conveniente. **SÉPTIMA**: **De los inventarios y balances**: Cada año al cierre del periodo fiscal correspondiente, se practicará el inventario y balance utilizando las prácticas contables usuales. **OCTAVA**: **De las Asambleas**: Los socios celebrarán una reunión anual ordinaria dentro de los tres meses después de finalizado el año económico. En esa asamblea se conocerá al menos lo siguiente: a) discutir y aprobar o no el informe sobre los resultados del ejercicio anual que presenten los administradores y tomar las medidas que juzgue oportunas; b) acordar la distribución de las utilidades conforme lo que al respecto se indicará más adelante y c) nombrar y revocar cuando proceda el nombramiento de los administradores. Ordinaria y extraordinariamente se reunirán cuando sean convocados por el Presidente del Consejo de Administración y en esas asambleas se conocerá sobre los puntos enunciados en la convocatoria respectiva. Las asambleas tanto ordinarias como extraordinarias, podrán celebrarse dentro o fuera del país, según sea indicado en la convocatoria respectiva. La convocatoria será realizada por medio de una carta circular que se enviará por correo, fax o cualquier otro medio electrónico de transferencia de datos, con al menos ocho días hábiles de anticipación, sin considerar dentro de ese*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*      Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*plazo el día del envío ni el día de la celebración de la asamblea. Podrá prescindirse de la convocatoria cuando, reunida la totalidad de los socios, así se acuerde y se haga constar tal circunstancia en el acta respectiva. Para que en las Asambleas Ordinarias y Extraordinarias haya quórum en la primera convocatoria, deberán estar presentes la mitad de las acciones con derecho a voto y las resoluciones serán válidas únicamente cuando se tomen con el voto de las que representan más de la mitad de ellas. En las Asambleas ordinarias y extraordinarias, en virtud de la segunda convocatoria formarán quórum con cualquier número de accionistas presentes y los acuerdos se tomarán por simple mayoría de los presentes. La primera y segunda convocatoria puede hacerse simultáneamente, para oportunidades que estarán separadas, cuando menos, por el lapso de una hora. El Presidente y el Secretario del Consejo de Administración actuarán en las asambleas generales, el primero como Presidente y el segundo como Secretario y a falta de cualquiera de ellos, al que los socios designen como tal. Estos funcionarios firmarán las actas de las asambleas. __NOVENA__: De las atribuciones de la asamblea general de accionistas: Son atribuciones de las asambleas generales de accionistas: a) nombrar y revocar cuando proceda el nombramiento de los administradores lo cual se realizará mediante el sistema de voto por mayoría simple y cada accionista tendrá una cantidad de votos proporcional a su participación en el capital social; b) llenar las vacantes temporales o definitivas de los consejeros; c) resolver o acordar acerca de la fusión de la sociedad con otras sociedades; d) disolver prematuramente la sociedad; e) nombrar liquidadores; f) fijar las dietas o sueldos de los administradores o demás empleados de la sociedad; g) Otorgar y revocar todo tipo de poderes, cuando así lo considere pertinente h) discutir y aprobar los estatutos y demás atribuciones que por ley*

Libro de Actas de Asamblea de Accionistas

*o por este pacto le correspondan.* **DÉCIMA:** *De la Administración: Los negocios sociales serán administrados por un Consejo de Administración o Junta Directiva formado por tres miembros socios o no que serán el Presidente, Secretario y Tesorero. Corresponde al* **PRESIDENTE, SECRETARIO y TESORERO** *la representación judicial y extrajudicial de la sociedad con facultades de* **APODERADO GENERALÍSIMO** *sin límite de suma de la sociedad, de conformidad con el artículo mil doscientos cincuenta y tres del Código Civil de Costa Rica, debiendo actuar de manera conjunta al menos dos de ellos y encontrándose facultados para otorgar y revocar poderes de todo tipo, delegar y sustituir en todo o en parte su poder, reservándose siempre el ejercicio del mismo, revocar sustituciones, y hacer otras de nuevo, sin perder nunca su poder.* **EL PRESIDENTE, SECRETARIO y TESORERO** *estarán facultados para actuar, en nombre y representación de la sociedad, ante todas y cualesquiera autoridades administrativas y judiciales; entidades públicas y/o privadas; gubernamentales y/o no gubernamentales; y, financieras, bancarias o no bancarias, estatales y/o privadas, pudiendo además otorgar y/o revocar autorizaciones a firmantes en las cuentas bancarias de la sociedad. Los miembros de la Junta Directiva durarán en sus cargos durante todo el plazo social salvo remoción por parte de la Asamblea de Accionistas.* **DÉCIMA PRIMERA:** *De las atribuciones del Consejo de Administración o Junta Directiva: a) dictar los estatutos y reglamentos de la sociedad; b) nombrar otros gerentes, apoderados, agentes o representantes cuando lo crean conveniente y con las denominaciones que estimen adecuadas para atender los negocios de la sociedad o aspectos de éstos y conferir a tales personeros las atribuciones necesarias; c) formular el memorial de la situación social con balances, pérdidas o beneficios habidos, cuenta*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*          Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*de dividendos, informes sobre acciones sin redimir, en su caso, **d)** promover e impulsar los trabajos de la empresa y organizarlos de modo que mejor convenga a los intereses sociales. La convocatoria para las reuniones de la Junta Directiva la hará el Presidente por medio de una carta circular que se enviará por correo, fax o cualquier otro medio electrónico de transferencia de datos con al menos ocho días hábiles de anticipación, en los que no se contarán el del envío de la carta ni el de la reunión. Sin embargo, en cualquier caso, cuando esté reunida la totalidad de los miembros de la Junta Directiva y éstos acuerden celebrar una reunión, se podrá prescindir del trámite de convocatoria previa, haciendo constar tal circunstancia en el acta respectiva. Las reuniones se efectuarán en el domicilio de la compañía, o en cualquier otro lugar dentro o fuera del país, según indique la convocatoria. Sus resoluciones serán válidas, cuando se tomen por mayoría de los votos presentes y en caso de empate, decidirá el Presidente de la Junta Directiva, de conformidad con la facultad que le otorga el articulo ciento ochenta y cuatro, párrafo segundo, del Código de Comercio de la República de Costa Rica. El consejo llevará un libro en que se asentará las actas de sus reuniones con indicación de lugar y fecha en que se celebre la misma consignando el número de los asistentes y haciendo constar si los acuerdos han sido tomados por unanimidad o por mayoría. Si los interesados lo piden se hará constar en el acta literalmente los votos salvados y las razones de los mismos. El acta debe ser firmada por los presentes. **DÉCIMA SEGUNDA: De la Celebración de Sesiones Virtuales.** Tanto las asambleas de socios ordinarias y extraordinarias como las sesiones del órgano director, se podrán celebrar válidamente en forma virtual haciendo uso de sistemas tecnológicos o medios de comunicación electrónicos tales como la videoconferencia, que permitan la plena*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*          Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*identificación de los participantes, así como el ejercicio seguro y comprobable de sus derechos de información y participación con voz y voto. Dichas sesiones se realizarán mediante el empleo de audios, videos, y datos que garanticen una participación bidireccional en tiempo real y no diferido. Así mismo las sesiones virtuales deberán ajustarse a los principios de integralidad, interactividad y simultaneidad en la comunicación de todos los participantes, con garantía de la conservación y autenticidad de lo deliberado y acordado* **DÉCIMA TERCERA: *De las ganancias y pérdidas:*** *De las utilidades netas de cada ejercicio anual deberá destinarse un cinco por ciento para la formación de un fondo de reserva legal, obligación que cesará cuando el fondo alcance el veinte por ciento del capital social, luego se separarán las reservas que indique la Asamblea General. Sobre el remanente se distribuirán los dividendos, si los hubiere, en proporción a las acciones de cada socio; en la misma forma se soportarán las pérdidas, si las hubiere.* **DÉCIMA CUARTA: *De la Disolución de la Sociedad:*** *La sociedad se disolverá por el vencimiento del plazo o cuando se produjeran cualquiera de las causas previstas en el artículo doscientos uno del Código de Comercio de Costa Rica. Acordada la disolución de la sociedad, la Asamblea General con el quórum de ley procederá al nombramiento de un liquidador y fijará las atribuciones de éste.* **DÉCIMA QUINTA: *De la Vigilancia:*** *La vigilancia de la sociedad estará a cargo de un Fiscal nombrado por la Asamblea General de Accionistas y que durará en su cargo durante todo el plazo social o hasta ser removido de su cargo por la Asamblea General.* **DÉCIMA SEXTA: DEL AGENTE RESIDENTE:** *La sociedad contará con un Agente Residente quien es nombrado por todo el plazo social.* **DÉCIMA SEPTIMA: *Del Mecanismo de Resolución de Controversias entre Accionistas:*** *En caso de que cualquier disputa, controversia*

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*     Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

*o reclamo (la "Disputa") que surja entre los accionistas de la compañía, incluyendo cualquier pregunta sobre la existencia, alcance, validez o terminación de estos estatutos o esta cláusula, o cualquier otra obligación contractual o no contractual incluyendo pero no limitado a los reclamos estatutarios o por daños y perjuicios, cualquiera de los Accionistas, la Disputa, será referida y finalmente resuelta por medio de Arbitraje de ley bajo el Reglamento del Centro Internacional de Conciliación y Arbitraje (CICA) de la Cámara de Comercio Costarricense-Norteamericana (AMCHAM) por tres (3) árbitros designados de acuerdo con las reglas de la Cámara Arbitral. La sede del arbitraje estará en San José, Costa Rica, el procedimiento arbitral se llevará a cabo en inglés, y este Acuerdo, así como el procedimiento de arbitraje, se regirán, interpretarán y ejecutarán de conformidad con las leyes de la República de Costa Rica. Hasta aquí el clausulado.".*

**SEXTO:** Conceder un Derecho no exclusivo de suscripción de acciones a la empresa **COSTAMERICA CAPITAL, LLC** una entidad debidamente constituida de conformidad con las leyes del estado de Delaware para suscribir y pagar hasta **DOSCIENTAS NOVENTA Y CINCO MIL (295,000)** acciones comunes y nominativas de la Compañía, a un precio de **VEINTE DÓLARES ($20.00)** por acción, en caso de llegar a formalizarse la suscripción de dichas acciones por parte de la empresa **COSTAMERICA CAPITAL, LLC**, la accionista **AZURE HOLDING GROUP, LLC** se reservará un derecho de recompra exclusivo e irrevocable que le permitirá comprar parte o la totalidad de las participaciones suscritas y pagadas **por COSTAMERICA CAPITAL, LLC**, a un precio justo de mercado que será establecido por medio de una valuación que será llevada a cabo por una firma contable externa, al momento en que la accionista **AZURE HOLDING GROUP, LLC,** decida ejecutar dicho derecho de recompra. **SEPTIMO:** Autorizar la

Libro de Actas de Asamblea de Accionistas

formalización y ejecución de un contrato de suscripción de acciones y acuerdo de accionistas con el señor **Gregory D. Smith** para la suscripción de **CINCO MIL** (5,000) acciones comunes y nominativas de la Compañía las cuales serán pagadas a un precio de Veinte ($20) dólares por acción. **OCTAVO:** Comisionar a los Notarios Público Jose Antonio Muñoz Fonseca y Eduardo Zúñiga Brenes, para que, de manera conjunta o individual, protocolicen esta acta, en lo literal o en lo conducente, o bien, de ser necesario, designen a otro Notario Público con este propósito. **NOVENO:** Se acuerda declarar como firmes cada uno de los acuerdos tomados en esta Asamblea. Sin haber más asuntos que tratar, se da por terminada esta Asamblea dos horas después de iniciada.


Andrew Thompson　　　　　　　　Michael Steimle

Por: **Azure Holding Group, LLC**　　　Por: **Azure Holding Group, LLC**


**ACTA NUMERO TRES:** Acta de asamblea general extraordinaria de accionistas de la sociedad **AZURE RENEWABLES SOCIEDAD ANONIMA**, con cédula jurídica número tres-ciento-uno ochocientos cincuenta y seis mil seiscientos veintitrés (en adelante "la Compañía") celebrada por medios virtuales a las diecisiete horas del quince de noviembre del dos mil veintitrés. **I. Asistencia.** Se encuentran presentes en esta asamblea: **i) MICHAEL STEIMLE**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, empresario, portador del pasaporte de su país número cinco cero cuatro seis tres seis seis cuatro; **ii) ANDREW THOMPSON**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, empresario, portador del pasaporte de su país número cinco cinco siete cero nueve ocho siete cinco tres, quienes actúan en representación de la accionista **AZURE HOLDING GROUP, LLC**, una entidad constituida y existente de conformidad con las leyes del

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                     Autorización No: 4062001288592

Estado de Wyoming de los Estados Unidos de América, propietaria de setecientas mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **iii) GREGORY D. SMITH**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número cinco siete dos nueve cero uno cinco cero cuatro, quien actúa en su condición de accionista propietario de doce mil quinientas acciones comunes y nominativas con un valor nominal de un dólar cada una; **iv) TODD COLES**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número 514244811 y **JEROME R. MCSORLEY**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número seis cuatro cuatro cuatro nueve dos dos ocho tres, quienes actúan en representación de **COSTAMERICA CAPITAL LLC**, una entidad constituida y existente de conformidad con las leyes del Estado de Delaware, con número de identificación de empleador nueve dos – uno cinco nueve cero tres siete uno, propietaria de sesenta y cinco mil seiscientas cincuenta y cinco acciones comunes y nominativas con un valor nominal de un dólar cada una; **v) JEROME RYAN MCSORLEY**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número seis cuatro cuatro cuatro nueve dos dos ocho tres, actuando en su condición de accionista propietario de cinco mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **vi) TIM ROGERS**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número 538013221, quien actúa en representación de **ROGERS LEGACY HOLDINGS, LLC**, una entidad constituida y existente de conformidad con las leyes del Estado de Carolina del Norte, con número de identificación de empleador nueve dos – tres tres tres cero cuatro ocho tres, propietaria de mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **vii) KEVIN TANGEN**, de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portador del pasaporte de su país número cinco cinco cinco cuatro seis seis nueve ocho seis, Secretario de la Compañía; y **viii) HEATHER OVERTURF** de un solo apellido en razón de su nacionalidad estadounidense, mayor de edad, portadora del pasaporte de su país número cero cinco cuatro cinco cero cuatro tres ocho cinco, Fiscal de la Compañía. **II. Quorum.** Se tiene por debidamente constituido el quorum, al estar reunido más de la mitad del capital social con derecho a voto. **III. Credenciales.** Los señores Steimle, Thompson, Smith, Coles, McSorley, Rogers, Tangen y las señora Overturf, de calidades previamente mencionadas, exhiben sus credenciales, las cuales son corroboradas, aprobadas y tenidas por legalmente válidas para efectos de esta asamblea. **IV. Acuerdos.** Por unanimidad de votos se toman los siguientes acuerdos: **PRIMERO:** De conformidad con la convocatoria previa realizada mediante carta circular enviada al correo electrónico designado por cada uno de los accionistas, se acuerda dejar constancia de que la presente asamblea ha sido legalmente instalada en primera convocatoria por estar reunida más de la mitad del capital social con derecho a voto. **SEGUNDO:** Nombrar presidente ad hoc a Daniel Arias Bustamante, titular de la cédula de identidad número uno-mil trescientos cuarenta y dos-cero novecientos noventa y siete, y como secretaria ad hoc a la señorita María Fernanda Cuevillas Mora, titular de la cédula de identidad número

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*     Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

uno-mil setecientos cuarenta y siete-cero seiscientos ochenta y seis. **TERCERO:** Siendo que la presente Asamblea General Extraordinaria de Accionistas se ha realizado mediante la utilización de medios electrónicos, se acuerda hacer constar que el medio tecnológico utilizado ha sido la plataforma Microsoft Teams, la cual ha permitido la participación de todos los accionistas presentes. Asimismo, se hace constar que se ha cumplido con las condiciones de simultaneidad, interactividad e integralidad entre la comunidad de todos los participantes, de conformidad con lo dispuesto en la Directriz número DPJ -cero cero uno dos mil veinte, emitida por la Dirección del Registro de Personas Jurídicas de Costa Rica y las provisiones establecidas en los estatutos sociales. **CUARTO:** se acuerda dar por recibido el informe de actualización del potencial de generación de energía, basado en los resultados del ensayo de Heyl Patterson. **QUINTO:** se acuerda dar por recibido el informe de actualización general sobre el progreso del proyecto en desarrollo por parte de la Compañía. **SEXTO:** se acuerda dar por recibido el informe de actualización sobre el tema de adquisición de terrenos para el proyecto. **SÉTIMO:** se acuerda tener por debidamente notificado a los accionistas sobre la oferta para la compra de treinta mil acciones procedentes de tesorería **OCTAVO:** se acuerda proceder con la firma de nuevos acuerdos de suscripción de acciones, según el formato y condiciones comentado en la asamblea. **NOVENO:** se acuerda dar por recibido el informe de actualización sobre los Memorándums de Entendimiento para los acuerdos de compra de energía (o equivalente). **DÉCIMO:** se acuerda ratificar los siguientes aportes de capital realizados por los accionistas de la Compañía: **(i) GREGORY D. SMITH:** aporte de doce mil quinientos dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular de doce mil quinientas acciones comunes y nominativas con un valor nominal de un dólar cada una; **(ii) COSTAMERICA CAPITAL LLC:** aporte de (sesenta y cinco mil seiscientos cincuenta y cinco) dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular de (sesenta y cinco mil seiscientas cincuenta y cinco) acciones comunes y nominativas con un valor nominal de un dólar cada una; **(iii) JEROME RYAN MCSORLEY:** aporte de cinco mil dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular de cinco mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **(iv) ROGERS LEGACY HOLDINGS, LLC:** aporte de mil dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular de mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **(v) JRLSA, LLC:** aporte de ocho mil dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*     Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

de cinco mil acciones comunes y nominativas con un valor nominal de un dólar cada una; **(vi) MORGAN INVESTMENT HOLDINGS, LLC:** aporte de mil dólares, moneda de curso legal de los Estados Unidos de América, realizado mediante una transferencia bancaria a las cuentas de la Compañía, con vista en el comprobante de depósito correspondiente, el cual le hace titular de mil acciones comunes y nominativas con un valor nominal de un dólar cada una. **DÉCIMO PRIMERO:** En vista de los aportes mencionados en el acuerdo anterior, se acuerda capitalizar estos montos, y aumentar así el capital social de la sociedad en la suma de (**NOVENTA Y TRES MIL CIENTO CINCUENTA Y CINCO**) dólares, moneda de curso legal de los Estados Unidos de América, de conformidad con lo establecido en el artículo treinta del Código de Comercio. **DÉCIMO SEGUNDO:** Por lo tanto, se acuerda modificar la Cláusula Quinta del Capital Social en los Estatutos Sociales de la Compañía, para que de ahora en adelante se lea de la siguiente forma: *"**QUINTA: Capital Social:** El capital social es la suma de* (***SETECIENTOS NOVENTA Y TRES MIL CIENTO CINCUENTA Y CINCO***) *dólares, moneda de curso legal de los Estados Unidos de América, representado por* (***SETECIENTAS NOVENTA Y TRES MIL CIENTO CINCUENTA Y CINCO***) *acciones comunes y nominativas con un valor nominal de* **UN** *dólar cada una, las cuales se encuentran íntegramente suscritas y pagadas por los accionistas. Asimismo, de conformidad con el artículo ciento seis del Código de Comercio de la República de Costa Rica, se autoriza a la Junta Directiva para que, por una o más veces, aumente el capital social hasta el límite de un millón de dólares, moneda de curso legal de los Estados Unidos de América, el cual será representado hasta por un millón de acciones comunes y nominativas con un valor nominal de un dólar, moneda de curso legal de los Estados Unidos de América, cada una. Queda la sociedad debidamente autorizada para adquirir y vender sus propias acciones, así como para otorgar préstamos sobre ellas, todo a juicio de la Junta Directiva. Las acciones serán transmisibles por cesión y/o endoso, previa autorización del consejo de administración según se establece en la cláusula Quinta Bis de estos estatutos, situación que se hará constar en el texto de los títulos y/o certificados, debiendo proceder a inscribir en sus registros, como titular de las mismas, a la persona o personas a cuyo favor hayan sido cedidas y/o endosadas. Podrán emitirse títulos representativos de una o más acciones, y estos, serán firmados por el Presidente y Tesorero de la Junta Directiva, quienes quedan expresamente facultados para hacer la remisión correspondiente de los títulos y/o certificados.* **DÉCIMO TERCERO:** se acuerda ratificar que los aportes patrimoniales realizados hasta la fecha por los accionistas: (i) GREGORY D. SMITH; (ii) COSTAMERICA CAPITAL LLC; (iii) JEROME RYAN MCSORLEY; (iv) ROGERS LEGACY HOLDINGS LLC; (v) JRLSA LLC; y (vi) MORGAN INVESTMENT HOLDINGS LLC, en exceso al valor nominal de las acciones comunes y nominativas de la Compañía que fueron suscritas y pagadas por dichos accionistas, los cuales ascienden a la suma total de **DOS MILLONES** (**OCHENTA Y NUEVE MIL NOVECIENTOS CUARENTA Y CINCO**) **DÓLARES**, moneda de curso legal de los Estados Unidos de América, serán considerados como patrimonio de la Compañía que será utilizado para costear los gastos de desarrollo del proyecto y por lo tanto no serán

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

capitalizables, no generarán intereses, no podrán ser distribuidos como dividendos, y únicamente podrán ser retornados a los accionistas de manera proporcional a la participación accionaria que tenga cada accionista en el capital social de la Compañía mediante acuerdo previo tomado en asamblea general de accionistas, y por ende, serán registrados en la contabilidad de la Compañía como capital adicional pagado. **DÉCIMO CUARTO:** Se acuerda modificar la Cláusula Segunda del Domicilio en los Estatutos Sociales de la Compañía, para que de ahora en adelante se lea de la siguiente forma: *"**SEGUNDA:** Del Domicilio social: El domicilio de la sociedad será en la ciudad de San José, Escazú, San Rafael, EBC Centro Corporativo, piso octavo, oficinas de Sfera Legal, pudiendo establecerse agencias y sucursales en cualquier parte de la República de Costa Rica o a fuera de ella."* **DÉCIMO QUINTO:** Se acuerda autorizar al presidente ad hoc y secretaria ad hoc para firmar el acta de asamblea correspondiente. **DÉCIMO SEXTO:** No habiendo más asuntos que tratar, se declaran firmes los acuerdos anteriores para su inmediato cumplimiento y se comisiona a los Notarios Públicos Rafael Enrique Cañas Coto, Robert Christian van der Putten Reyes, Eric Scharf Taitelbaum, Jose Pablo Arce Piñar, José Alberto Schroeder Leiva, Andrés Montejo Morales, Fabiola Soler Bonilla, Andrea Martín Jiménez, Daniela Murillo Segura, Marianela Soto Vega, Celina María Valenciano Aguilar, Carolina Argüello Bogantes, Alejandra Salazar Blanco, Irene Castillo Rincón, Jaime Jiménez Umaña, Roberto Castillo Pacheco, Nidia Zúñiga González, Andrea Castro Rojas, Ismene Arroyo Marín, Andreina Morales Ortega, Luis Jeancarlo Angulo Bonilla y Nancy Prendas Naranjo para que conjunta o individualmente, protocolicen literalmente o en lo conducente el acta correspondiente a esta Asamblea; o bien, para que éstos designen a otro Notario para este propósito.

**Nota**: En el folio veintisiete, línea uno, no se lea la palabra "cinco", y en su lugar léase "ocho". Es todo. Mismo lugar, hora y fecha.

**Nota**: En el folio veintiséis, línea veintidós, no se lea lo señalado entre paréntesis, y en su lugar léase "ciento tres mil doscientos seis", y línea veinticinco, no se lea lo señalado entre paréntesis, y en su lugar léase "ciento tres mil doscientas seis". En el folio veintisiete, línea siete no se lea lo señalado entre paréntesis, y en su lugar léase "**CIENTO TREINTA MIL SETECIENTOS SEIS**", líneas once y doce no se lea lo señalado entre paréntesis y en su lugar léase "**OCHOCIENTOS TREINTA MIL SETECIENTAS SEIS**", línea trece no se lea lo señalado entre paréntesis y en su lugar léase "**OCHOCIENTOS CINCUENTA MIL**

AZURE RENEWABLES SOCIEDAD ANÓNIMA

*CEDULA JURIDICA 3-101-856623*        Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas

**SETECIENTOS SEIS**", y línea treinta y tres no se lea lo señalado entre paréntesis y en su lugar léase "**OCHOCIENTOS TRES MIL CUATROCIENTOS CATORCE**". Es todo. Mismo lugar, hora y fecha.

**ACTA NÚMERO CUATRO**: Asamblea General Extraordinaria de la sociedad **AZURE RENEWABLES SOCIEDAD ANÓNIMA**, domiciliada en San Jose, Santa Ana, Pozos, Centro Empresarial Forum Uno, Edificio B, Segundo Piso, Oficinas De Dentons Muñoz, celebrada la plataforma de virtual de Microsoft Teams a las once horas del día quince de mayo del año 2024. Por estar presente la totalidad del capital social, se prescinde del requisito de convocatoria previa, se declara abierta la sesión y se toman los siguientes acuerdos por unanimidad: **PRIMERO:** designar al señor EMMANUEL PINTO ESQUIVEL, mayor de edad, soltero, asistente legal, portador de la cédula de identidad número 1-1439-0627, vecino de Escazú, San Rafael, San José y KEVIN (nombre) TANGEN (de un solo apellido en virtud de su nacionalidad Estadounidense, mayor de edad, casado, ingeniero, portador del pasaporte de su país 555466986, vecino de Washington, Estados Unidos, como Presidente ad hoc y Secretario ad hoc respectivamente de la presente asamblea general extraordinaria de Azure Renewables S.A., **SEGUNDO:** modificar la cláusula quinta del pacto social para que el capital social se lea por $814,533.00 dólares, moneda de curso legal de los Estados Unidos de América, **TERCERO: REMOCIÓN** inmediata del señor **MICHEAL** (nombre) **STIEMLE** (de un solo apellido en razón de su nacionalidad Estadounidense), portador del pasaporte 570463664, como presidente de Azure Renewables S.A. **CUARTO:** nombramiento del señor **KEVIN TANGEN** de calidades indicadas, como nuevo presidente de Azure Renewables S.A., quien acepta su cargo de presidente y renuncia al cargo de secretario a partir del registro del nuevo puesto. **QUINTO:** nombramiento del señor **JEROME** (nombre) **McSORLEY** (de un solo apellido en razón de su nacionalidad Estadounidense), portador del pasaporte 6444992283, como nuevo secretario, quien acepta su cargo en la presente asamblea. **SEXTO:** Se autoriza a Kevin Tangen, de calidades ya mencionadas para que protocolice este acta en lo conducente o literal con el notario de su elección. No habiendo más asuntos que tratar, se declara en firme el acuerdo anterior tomado por unanimidad de votos y se levanta la quince minutos después de iniciada. ES TODO, a las 11:20am de 15 de mayo 2024.

**EMMANUEL PINTO**

**Presidente Ad Hoc**

**KEVIN TANGEN**

**Secretario Ad Hoc**

**AZURE RENEWABLES SOCIEDAD ANÓNIMA**

*CEDULA JURIDICA 3-101-856623*                    Autorización No: 4062001288592

Libro de Actas de Asamblea de Accionistas