# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHAEL STEIMLE, individually; MICHAEL STEIMLE, derivatively on behalf of and in the right of AZURE HOLDING GROUP, LLC, a Wyoming Limited Liability Company, <br><br> Plaintiffs, <br> vs. <br><br> ANDREW THOMPSON, individually; <br><br> Defendant. | Case No. 1:24-cv-00115 <br><br> Removed from Wyoming Chancery Court No. CH-2024-0000010 |

**REPLY SUPPORTING MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

Steimle has not met, and cannot meet, his significant burden to establish a "clear and unequivocal" right to preliminary injunctive relief. *Am. Wild Horse Pres. Campaign v. Jewell*, 2014 WL 11485260, at *3 (D. Wyo. Aug. 28, 2014). This Court should dissolve the *ex parte* TRO issued by the Wyoming Chancery Court and reject any request by Steimle for a TRO.

**I.   This Court Cannot Undo the Unanimous Vote by Azure Renewables Shareholders to Remove Steimle as President for Fraud and Other Misconduct.**

The crux of Steimle's request for a TRO is that this Court can, and should, take the extraordinary action of unwinding the unanimous decision by the eight shareholders of the Costa Rican startup company Azure Renewables to remove Steimle as President of the company. The eight Azure Renewables shareholders removed Steimle from this position because, among other issues, he made material misrepresentations to the shareholders and created a hostile work environment, as described in affidavits submitted in support of Defendant Andrew Thompson's Motion to Dissolve.

Steimle's argument that this Court can now unwind this unanimous decision of the Azure Renewables shareholders fails because it is entirely grounded in the false premise that Azure Holding had 70% of the voting power in the decision to remove him as President.  That was simply not the case under the Azure Renewables' shareholder bylaws that Azure Renewables' Costa Rican counsel recently provided to Thompson's counsel after the filing of Thompson's Motion to Dissolve.  A certified copy of the translated bylaws are attached to this Reply as Exhibit A.

In fact, under those bylaws, even if Steimle was assumed to have 50% of the equity interest in Azure Holding (which he does not), he would have still been removed as President of Azure Renewables through the shareholder vote.  Even if Azure Holding was to completely abstain from voting at the Azure Renewable S.A. level, the remainder of the vote unanimously removed Steimle.  A brief description of the operative provisions of the Azure Renewables' bylaws leading to this result is provided here:

> **MINUTE NUMBER FOUR:** Extraordinary General Meeting of the company AZURE **RENEWABLES SOCIEDAD ANONIMA…**.Because the entire share capital is present , the <u>prior call requirement is dispensed with</u>, the session is declared open and the following agreements are <u>unanimously</u>: …**THREE:** Immediate **REMOVAL of Mr. MICHEAL**(name) **STEIMLE…**There is no matter to discuss, the previous agreement made by unanimous vote declared final….

*See* page 29 of Exhibit A, certified translated Minute Four of the Shareholders' Meeting Minutes Book, Azure Renewables S.A., Corporate ID 3-101-856623, Authorization No. 4062001288592.

The rules governing the Azure Renewables meetings are under Bylaw Eight that can be found on page 18 of the translated version of the Shareholders' Meeting Minutes Books.  In relevant part is that involving Extraordinary Meetings which is what took place on May 15, 2024.  Quorum was achieved if half of the shares with voting rights were present.  In cases of an extraordinary meeting where all shareholders were present, the shareholders could dispense with

first call requirements and the shareholders could proceed with the second call where agreements can be made by a simple majority of those present. *See* page 18, of Exhibit A.

Steimle has not submitted any credible evidence contradicting this analysis. Steimle claims that Exhibit 10 to his Opposition speaks to this issue but Exhibit 10 appears to be an uncertified translation of a partially executed agreement not signed by any of the non-party Azure Renewables' shareholders, and it does not even list all of the shareholders for either Azure Holding or Azure Renewable. Exhibit 10 should be stricken.

In short, even if Steimle was given the benefit of every doubt as it relates to his shareholder interest in Azure Holding, this Court cannot unwind the decision of the Azure Renewables' shareholders to remove Steimle as President because Azure Holding did not have the necessary voting power in that decision to outweigh the unanimous decision of the other shareholders. Steimle's request for this Court to undo his ousting as President of Azure Renewables should thus be denied, as, on these facts, he cannot demonstrate a "clear and unequivocal" right to that extraordinary relief.

**II.     Steimle Has Not Established a Strong Likelihood Of Success On The Disputed Issue of His Equity Interest in Azure Holding.**

Steimle overstates the import of the documents submitted by Steimle and referenced on Page 19 of his Opposition. Those documents do not expressly speak to percentage of equity ownership of Azure Holding, and the proper context of those documents will be a subject of discovery, along with other issues related to the dispute on the parties' ownership interest in Azure Holding. Because at this stage of the case there is a real dispute on the parties' ownership interest in Azure Holding, Steimle's request for the extraordinary relief of a preliminary injunction should be denied. *See, e.g., Meintzer v. New Mexico Hum. Servs. Dep't,* No. 07-cv-00151, 2007 WL 2219461, at *9 (D.N.M. May 21, 2007) ("Meintzer's Complaint raises a number of factual disputes

3

that prohibit the Court from finding that he is substantially likely to prevail on the merits in this action. . . . each of these circumstances establishes a factual dispute that precludes a finding that Meintzer is substantially likely to prevail on the merits"); *Danfoss Power Sols. (US) Co. v. Meritor Heavy Vehicle Sys., LLC*, 2024 WL 2273200, at *5 (D. Colo. Apr. 12, 2024).

**III.    The Public and Private Interests Weigh in Favor of Thompson.**

Further, Steimle does not even respond in his Opposition to the point that any alleged harm to Steimle of not having his decisions given proper weight in management of Azure Holding is *identical* to the harm that Thompson and Tangen actually suffer from a TRO: not being able to make decisions in the management of Azure Holding despite Thompson having, with Mr. Tangen, the majority power to make decisions. Instead, all of Steimle's arguments related to the equities focus on nothing more than his position that Steimle has a 50% equity interest in Azure Holding (Opp. at 23-24)—which is the subject of significant dispute. These points do nothing to show that, in this contested shareholder disputed, the private and public factors weigh in favor of his extraordinary request for preliminary injunctive relief.

**VI.    This Court Has Diversity Jurisdiction.**

Azure Holding is a nominal plaintiff regardless of Mr. Tangen's ownership, and the breach of contract claim against Thompson is sufficient to confer diversity jurisdiction.

The parties agrees that, for purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens. *See* Opp. at p.11. Steimle also does not dispute that a limited liability company can be a "nominal" plaintiff and when analyzing diversity jurisdiction, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *see also* ECF No. 1, Notice of Removal ¶¶ 15, 17. Moreover,

4

Steimle does not dispute that *if* ownership of Azure Holding is 50%-50% between Steimle and Thompson, then Azure Holding is a nominal party to this action.

Steimle is incorrect, however, in assuming that Azure Holding is *only* a nominal party to this action if it is a two-member LLC. *See* Opp. at p.11. An LLC is a nominal party where it is "only present to effectuate the relief sought by the parties," "ha[s] no stake in the controversy," and where "[t]he real dispute . . . is between [plaintiff] and [defendant] over . . . the assets of [LLC]." *Roskind v. Emigh*, No. 2:05-cv-00825-RCJ-RJJ, 2007 WL 981725, at *2 (D. Nev. Apr. 2, 2007). Such is the case is here. As explained in the Notice of Removal, the real dispute is between Steimle and Thompson because, among other reasons: (1) "Plaintiff alleges that Defendant is taking actions on behalf of Azure Holding without the approval of Plaintiff, to the detriment of Plaintiff Steimle," (2) the declaratory relief Steimle seeks "is to establish his rights in Azure Holding vis-à-vis Defendant, not to right an alleged wrong against the LLC," and (3) "Azure Holding has not stake in the matter of the ownership rights of Steimle." ECF 1, Notice of Removal ¶ 18. Steimle's focus on a fourth point—that Steimle alleges he is entitled to 50% of any relief—does nothing to address points (1) to (3) and change the fact that the real dispute based on Steimle's own allegations is between Steimle and Thompson.

Steimle also completely ignores an independent basis for diversity jurisdiction: Steimle's claim for breach of contract against Thompson is not brought to assert a right on behalf of Azure Holding (or Tangen). *See* Compl. ¶ 65 (alleging only that Steimle has suffered damages for breach of contract); *see also* ECF No. 1, Notice of Removal ¶¶ 20–27. As to this breach of contract claim then, it is undisputed that Azure Holding is a nominal party. *See Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506 (6th Cir. 2013) (presence of LLC did not defeat diversity jurisdiction; "The real dispute in this case is between Mortenson and Heartland.

5

The LLC is only a spectator on the sideline."). And because the breach of contract count arises from the same "common nucleus of facts" as all of the other counts in the Complaint, this court can exercise supplemental jurisdiction over all claims. *See* ECF No. 1, Notice of Removal ¶ 27. Yet Steimle failed to address this independent and sufficient basis for the exercise of subject matter jurisdiction.

| | |
|---|---|
| **DATED**: June 14, 2024 | */s/ Ghislaine G. Torres Bruner* <br> Ghislaine G. Torres Bruner (7-5974) <br> Rin Karns (6-4114) <br> **SQUIRE PATTON BOGGS (US) LLP** <br> 717 17th Street, Suite 1825 <br> Denver, CO 80202 <br> Telephone: +1 303 830 1776 <br> Email: ghislaine.bruner@squirepb.com <br> rin.karns@squirepb.com <br><br> *Attorneys for Defendant Andrew Thompson* |

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing **REPLY SUPPORTING MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER** was served on the following counsel of record via the Court's electronic filing system and by email on June 14, 2024.

Robert J. Walker (7-4715)
John M. Walker (5-2224)
WALKER LAW, LLP
P.O. Box 22409
Cheyenne, WY 82003
(307) 529-2255
Email: Robert@WyoCounsel.com

*Attorneys for Plaintiff Michael Steimle*

                                              */s/ Ghislaine G. Torres Bruner*
                                              *Ghislaine G. Torres Bruner*