IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2024 JUN 18 AM 11:22
MARGARET BOTKINS, CLERK
CHEYENNE

| | |
|---|---|
| MICHAEL STEIMLE, individually; MICHAEL STEIMLE, derivatively on behalf of and in the right of AZURE HOLDING GROUP, LLC, a Wyoming Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW THOMPSON, individually,<br><br>Defendant. | Case No. 1:24-CV-00114-ABJ |

**ORDER REQUIRING SIMULTANEOUS BRIEFING ON THE ISSUE OF JURISDICTION**

**THIS MATTER** came before the Court following a hearing on, *inter alia*, Defendant's *Emergency Motion to Dissolve Ex Parte Temporary Restraining Order, or in the Alternative, to Stay Enforcement*. ECF No. 5; ECF No. 113. As the parties know, federal courts are courts of limited jurisdiction, constrained to adjudicate expressly authorized causes of action. Simply put, a federal court lacking subject matter jurisdiction is a nullity. *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

Despite Defendant's arguments to the contrary, this Court is not convinced that complete diversity of citizenship exists in this matter. However, at Defendant's request, we

1

**HEREBY ORDER** supplementary and simultaneous briefing on the issue of diversity jurisdiction to be filed with the Court on or before **June 21, 2024**.

**IT IS FURTHER ORDERED** that this Court's stay as to the enforcement of the Wyoming Chancery Court's temporary restraining order shall remain in effect until the instant jurisdictional issue is resolved.

Dated this 14th day of June, 2024.

Alan B. Johnson
United States District Judge