Robert J. Walker (#7-4715)
WALKER LAW
P.O. Box 22409
Cheyenne, WY   82003
Telephone: (307) 529-2255
Robert@WyoCounsel.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MICHAEL STEIMLE, individually; ) <br> MICHAEL STEIMLE, derivatively on ) <br> behalf of and in the right of AZURE ) <br> HOLDING GROUP, LLC, a Wyoming ) <br> Limited Liability Company, ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> vs. ) <br> ) <br> ANDREW THOMPSON, individually; ) <br> ) <br> *Defendant.* ) | Case No. 1:24-cv-00114-ABJ <br><br> Removed from Wyoming Chancery Court <br> No. CH-202400000010 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW Michael Steimle ("Steimle" or "Plaintiff"), both individually and derivatively on behalf of and in the right of Azure Holding, LLC ("Azure Holding"), a Wyoming Limited Liability (collectively referred to hereafter as the "Plaintiffs"), and for their Reply in Support of Plaintiffs' Motion for Preliminary Injunction, plead and allege as follows:

**ARGUMENT**

To date, Plaintiffs have still not received any of the information Defendant promised the Court he would be providing, including access to the company bank accounts or any communications intended for Azure Holding. A Court order is necessary to protect Plaintiffs' interests.

**A.    *Azure Holding is a 50-50 Member Managed LLC.***

Defendants have provided no admissible evidence in opposition to Plaintiffs' pending

1

Motion for Preliminary Injunction. Rather, Defendant has provided four inadmissible affidavits. The affidavits of Kevin Tangen and Andrew Thompson primarily contain conclusory statements without any factual support. Legal conclusions and statements of mere belief are not evidence. *Terracon Consultants, Inc. v. Drash*, No. 2:12-cv-02345-EFM-KMH, 2013 U.S. Dist. LEXIS 164244, at *9 (D. Kan. Nov. 19, 2013) (finding that self-serving conclusory affidavits must be disregarded by the Court). The remaining affidavits are inadmissible hearsay based on conclusory statements allegedly made in the presence of the declarants. Again, the testimony is inadmissible and cannot be considered. Having failed to admit any relevant, admissible, or trial worthy evidence, the Court has nothing to weigh in Defendant's favor in relation to the present motion.

Conversely, on or about June 13, 2024, Plaintiffs filed their Opposition to Defendant's emergency motion to dissolve ex-parte temporary restraining order or, in the alternative, to stay enforcement. This brief already addresses all the points raised within Defendant's opposition to Plaintiff's Motion for Preliminary Injunction and is therefore fully incorporated within this Reply by this reference.

As part of Plaintiffs' June 13 filing, they provided the Court with substantial evidence, all existing prior to the present dispute arising, fully corroborative of Plaintiff's position that Azure Holding Group LLC, is and always was a 50-50 member-managed LLC with both Plaintiff Steimle and Defendant having equal ownership and control. Defendant has failed to provide any reasons for why the Court should not accept such evidence as conclusive.

For example, Plaintiff provided the Court a copy of the "Resumen de la declaracion de la persona juridica" filed in Costa Rica listing the members of Azure Holding as Plaintiff Steimle and Defendant, both owning an equal right to vote. See Exhibit A to the Affidavit of Michael Steimle that was Exhibit 3 to Plaintiff's June 13 Opposition. Additionally, only Plaintiff Steimle and Defendant signed the shareholders agreement. See Exhibit B to Exhibit 3.

Also, Defendant has not refuted that he prepared a document for the shareholders of Azure Renewables explaining the ownership of Azure Holding.  Therein he states:

> Azure Holding Group, LLC
> Established as a Limited Liability Company in the State of Wyoming, Azure Holding Group, LLC is a holding company, owned equally (50/50) by Michael W. Steimle and J. Andrew Thompson (or their respective assigns). Azure Holding Group, LLC owns seventy percent (70%) of Azure Renewables, S.A. Mr. Steimle and Mr. Thompson manage the company equally.

Exhibit 4.  Defendant has not disputed that this document was disseminated to shareholders of Azure Renewables as well as others doing business with Azure Renewables.  Exhibit 6.  Defendant also did not dispute that the document was provided to Kevin Tangen and that Mr. Tangen did not dispute the document's veracity or accuracy.

Defendant also has not disagreed that in March of this year, when asked by Plaintiff Steimle in an email if Azure Holding, LLC was still 50-50 between the two of them, he responded: "Yes, that's what's on the registration.  Nothing has changed from when I initially set it up."  Exhibit 8.

The foregoing not only meets a clear and convincing standard, Defendant's own statements against interest are outcome determinative.  There is no admissible evidence to dispute the fact that Plaintiff Steimle and Defendant are equal owners and member-managers of Azure Holding.

**B.      Rights of a Member in a Member Managed Wyoming Limited Liability Company.**

Pursuant to W.S. § 17-29-401(b), "If a limited liability company is to have more than one (1) member upon formation, those persons become members ***as agreed by them***."  (Emphasis added).  As set forth above, all admissible evidence presently before the Court fully supports Plaintiff's position that he is a 50% owner and manager of Azure Holding.

Regardless, it does not appear that Defendant disputes that Plaintiff owns at least some interest in Azure Holding or that Azure Holding is a member-managed LLC.  Regardless of whether Plaintiff owns 50% or some other amount, his interests are being oppressed by the Defendant.

In a member-managed limited liability company, each member has a right to, *inter alia*:

a. protection under the contractual obligation of good faith and fair dealing under W.S. § 17-29-110(c)(v);

b. equal distributions under W.S. § 17-29-404(a);

c. relief against other members for unlawful distributions pursuant to W.S. § 17-29-406;

d. equal rights in the management and conduct of all the company's activities as established by W.S. § 17-29-407;

e. participate in all votes and demand that actions only be taken when authorized by a majority of members pursuant to W.S. § 17-29-407;

f. prevent ANY action outside the ordinary course of the activities of the company, which can only be undertaken with unanimous consent as required by W.S. § 17-29-407;

g. relief against other members who breach their duty of loyalty or who fail to hold company property for the benefit of the company as established by W.S. § 17-29-409;

h. full disclosure of all material facts involving transactions that might violate any duty of loyalty to the company (see W.S. § 17-29-409(f));

i. access all company records pursuant to W.S. § 17-29-410; and

j. seek judicial intervention when any rights are being oppressed pursuant to W.S. § 17-29-701(a).

As set forth within Plaintiff Steimle's affidavit, is presently not being included in any discussions relating to Azure Holding's control over Azure Renewables; has been locked out of all access or oversight over company bank accounts; was not informed of a meeting of Azure Renewables where Defendant voted to remove Plaintiff from his role as President (after the present motion was filed to prevent that action); has been removed from having access to the companies joint Quickbooks file; has not been copied on communications relating to Azure Holding's business dealings; and Defendant is disparaging Plaintiff Steimle to those doing business with Azure Holding and Azure Renewables. Conversely, Defendant presently has unfettered control

and administrative access over all those things Plaintiff is being excluded from.

Various courts have found that the denial of an owner's lawful right to participate in the management of a business, by itself, constitutes irreparable harm. For example, the Second Circuit found that the right of even minority members to block certain transactions is critical in maintaining a balance of control and power. The court explained: "[T]he denial of a controlling ownership interest in a corporation may constitute irreparable harm." *Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*, 339 F.3d 101, 114 (2d Cir. 2003). The case continues: "Conduct that unnecessarily frustrates efforts to obtain or preserve the right to participate in the management of a company may also constitute irreparable harm." *Id*. at 114-115.

**C.**     ***Plaintiffs' Motion Meets Standard for Injunctive Relief.***

There is a very high probability that Plaintiffs will be able to prove that Defendant has violated Plaintiff Steimle's right to participate in the management of Azure Holding. For the purposes or argument only, even a minority member in a member-managed LLC has the right to participate in every decision made by the company. It has been months that Defendant has intentionally excluded Plaintiff from any participation.

As more fully set forth withing Plaintiffs' June 13 Opposition, numerous courts have found that the oppression of a right to participate in the management of an LLC is, by itself, an irreparable harm. Further, Defendant has used his oppressive efforts to interfere with Plaintiff's ability to participate in the business of Azure Renewables or receive any wages for his efforts there. However, during this same period, Defendant has unfettered access to the funds that have been comingled between Azure Holding, Azure Renewables, and Azure Development. Without any oversight, Defendant can expend or transfer those funds in a way that would make them inaccessible to this Court.

As for the threatened harm, Defendant argues that Plaintiff's involvement in Azure

Renewables would be detrimental. Plaintiffs entirely disagree, but the argument itself is irrelevant. The effect of honoring Plaintiff's statutorily protected rights in the Wyoming LLC is the only consideration. The Court cannot take away those rights because one member perceives the other's involvement as detrimental. It is not within a court's purview to use its business judgment to determine how a company should be run. Rather, courts uniformly protect the management structure agreed to by the members. That is all Plaintiff requests here.

As a matter of public policy, if one 50-50 member can usurp company power at the commencement of litigation and stay in control; upon any potential conflict, lawyers must then advise their clients to race to lock the other members out – because whoever first steals control, stays in control. This creates a dramatic imbalance in negotiation leverage and access to information throughout the subsequent litigation. No party should be rewarded for unlawfully engaging in this type of self-help in a rush to change the relative position or power structure of the parties after the dispute has been presented to a court but before the Court can reach a resolution.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request the Court grant the injunctive relief requested.

Respectfully submitted this 28th day of June, 2024.

       /s/ Robert J. Walker
Robert J. Walker (7-4715)
John M. Walker (5-2224)
Walker Law, LLP
P.O. Box 22409
Cheyenne, WY  82003
(307) 529-2255 telephone

ATTORNEYS FOR PLAINTIFF