Robert J. Walker (#7-4715)
WALKER LAW
P.O. Box 22409
Cheyenne, WY  82003
Telephone: (307) 529-2255
Robert@WyoCounsel.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MICHAEL STEIMLE, individually; | ) | |
| MICHAEL STEIMLE, derivatively on | ) | |
| behalf of and in the right of AZURE | ) | |
| HOLDING GROUP, LLC, a Wyoming | ) | |
| Limited Liability Company, | ) | |
| | ) | Case No. 1:24-cv-00114-ABJ |
| *Plaintiffs,* | ) | |
| | ) | Removed from Wyoming Chancery Court |
| vs. | ) | No. CH-202400000010 |
| | ) | |
| ANDREW THOMPSON, individually; | ) | |
| | ) | |
| *Defendant.* | ) | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT ANDREW THOMPSON'S RULE 12(b)(6)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

---

COMES NOW Michael Steimle ("Steimle" or "Plaintiff"), both individually and derivatively on behalf of and in the right of Azure Holding, LLC ("Azure Holding"), a Wyoming Limited Liability (collectively referred to hereafter as the "Plaintiffs"), and in response to Defendant's *Motion to Dismiss*, pleads and alleges as follows:

### PRELIMINARY STATEMENT

Defendant filed a *Motion to Dismiss* pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure alleging that Plaintiff failed to state a claim upon which relief could be granted. Defendant's attempt to eliminate the causes of action against him is not based in law and should be denied. The *Complaint* viewed in a light most favorable to Plaintiffs puts Defendant on notice

of all the causes of action against him and each cause of action is supported by legally sufficient allegations which are both non-speculative and non-conclusory which, if true, would entitle Plaintiffs to relief. Wherefore, Plaintiffs request that this Court deny Defendant's *Motion* in its entirety.

## ARGUMENT

Defendant makes two arguments. First, Defendant argues that the *Complaint* fails to clearly attach sufficient facts to each cause of action, making it a convoluted "shotgun pleading." Second, Defendant argues that each claim is unsupported by sufficient alleged facts to support legal causes of action. In the same breath, Defendant essentially argues that the *Complaint* is too complicated for him to parse together any claim but also that the facts are so simple and conclusory in the *Complaint* that they fail to support a single claim. Both arguments fail to consider the necessity of including derivative claims in nearly all Wyoming corporate legal actions, lack a consideration of the Standard of Review, and blatantly ignore the language of the *Complaint* itself. Defendant's *Motion* should be denied.

### *The Standard of Review Accepts All Pleaded Facts Alleged as True*

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[W]hen *Iqbal* speaks of a claim's facial plausibility, the complaint must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1275 (internal quotation marks omitted).

"In reviewing an order granting a motion to dismiss, our role is like the district court's: we accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff, but need not accept threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements." *Id.* "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Id.* (internal quotation marks omitted).

*Ezeani v. Carillo*, No. 23-2104, 2024 U.S. App. LEXIS 1717, at *4–5 (10th Cir. Jan. 25, 2024) (some citations omitted).

*Plaintiff Pled Short and Plain Statements of a Claim Showing He is Entitled to Relief*

Rule 8 of the Federal Rules of Civil Procedure "requires short and plain statements of a claim showing that the pleader is entitled to relief." Any pleading which fails to tie allegations to a specific cause of action supported by such allegations is considered impermissible under Rule 8 as a shotgun pleading. *See e.g. Hart v. Salois*, 605 F.App'x 694 (10th Cir. 2015). In other words, a complaint should not require the Court or a defendant to "search through several paragraphs of . . . 'Introductory Allegations' and attempt to match the factual assertions with the elements of all subsections of [the causes of action] to determine if the complaint states a claim for relief. *Id.* at 701. In *Hart*, the plaintiff drafted a complaint with over 700 paragraphs and over 100 pages of introductory allegations. *Id.* The plaintiff failed to show that the complaint contained a short and plain statement of his claims against the defendant, upholding the district court's decision to dismiss the complaint. *Id.*

In this case, the *Complaint* contains thirty-five short paragraphs of facts common to each cause of action. [Dkt. 3 ¶¶ 17–51]. Each cause of action contains short and plain statements below a heading which show Plaintiff is entitled to relief as to each cause of action. [Dkt. 3 ¶¶ 52–132]. Each set of short and plain statements is directly tied to the cause of action headed above them such that neither the Court nor Defendant are required to search through the pleadings to match allegations to causes of action. The *Complaint* in this action is not a shotgun pleading as defined by the law. Plaintiff properly followed rule 8 of the Federal Rules of Civil Procedure by making "short and plain statements of a claim showing that [he] is entitled to relief."

*Derivative Actions Do Not Confuse Facts Such That They Become Shotgun Pleadings*

Defendant's argument that Azure Holding Group, LLC, should be stricken as a party ignores Wyoming caselaw regarding derivative actions. "[F]ederal courts should look to state law in deciding the issue of whether a particular suit is direct or derivative." *Freedman v. magicJack VocalTec Ltd.*, 963 F.3d 1125, 1132 (11th Cir. 2020) (citing cases from the 2nd, 6th, 7th, 8th, and 9th Circuits as well as the United Stats Supreme Court). The 10th Circuit also follows this rule. *See Barnes v. Harris*, 783 F.3d 1185, 1193 (10th Cir. 2015) (applying Utah law in determining whether the claims are derivative). In Wyoming, if a company has been harmed by its directors, officers, or others for wrongful exercise of corporate franchises, then a derivative action **must** be maintained by an interest holder of the company if the company refuses to act on such harm. *See generally e.g. Campbell v. Davidson*, 2023 WY 100, ¶ 40, 537 P.3d 734, 746 (Wyo. 2023); *Fritchel v. White*, 2019 WY 117, ¶¶ 13–16, 452 P.3d 601, 604–05 (Wyo. 2019); *Sullivan v. Pike & Susan Sullivan Found.*, 2018 WY 19, ¶ 23, 412 P.3d 306, 312 (Wyo. 2018). Wyoming courts are "without discretion to allow a direct action to remedy derivative injuries." *Fritchel*, ¶ 22–23. It doesn't matter if the company is a party to a breached contract between the members, a derivative action must still be brought if the a company member's interests have been harmed because of such breach.

For argument only, if, as Defendant argues, a third member of Azure Holding Group, LLC, exists, then all actions brought by the members for wrongful exercise of corporate franchises must be brought derivatively. Wyoming has never adopted an exception to the requirement that derivative actions be brought derivatively and not directly. There is not even an exception for 50/50 owned corporate entities. Plaintiffs brought actions both directly and derivatively to cover all possible scenarios such as a previously unconsidered individual now claiming membership interest in the LLC. Defendant wants to prune the claims while they are saplings before the facts have had

a chance to grow before the Court. Plaintiff is not attempting double recovery. Plaintiff is attempting to provide a complete pleading to ensure adequate recovery in every foreseeable scenario. Should Plaintiffs fail to bring to appropriate action, their claims would be barred. *See generally id.*

Further in this regard, the Federal Rules of Civil Procedure allow pleading in the alternative. Rule 8(d)(2) provides as follows: "A party may set out two or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones." There is nothing in the rules or in Wyoming practice which prevents Plaintiffs from pleading claims directly, derivatively, in contract, and in tort arising from a common set of facts. *See generally Sylvia v. Wisler*, 875 F.3d 1307, 1321 (10th Cir. 2017). Defendant's arguments that double recovery is disallowed in tort and in contract can be safely disregarded because Plaintiffs are allowed to plead in the alternative.

Additionally, bringing claims both individually and derivatively does not convolute the pleadings. Rule 8 is still satisfied because Plaintiffs have provided short and plain statements of a claim for each cause of action which show that Plaintiffs are entitled to relief. Whether the claims are direct or derivative, the statements and the claims attach to the same cause of action. Defendant is not required to scavenger hunt through the pleadings to understand which facts apply to which cause of action. Likewise, the derivative or direct nature of the causes of action changes nothing in the pleadings and Defendant can understand that the facts relate to either the company if the harm is to the company or to Plaintiff Steimle if the harm is to Plaintiff Steimle. Plaintiffs' *Complaint* should survive as it complies with Rule 8.

*Plaintiffs Pled Non-Conclusory and Non-Speculative Facts to Support Each Cause of Action*

Plaintiffs pled nine causes of action. [Dkt. 3 ¶¶ 52–132]. Eight of the causes of action were pled both individually and derivatively while an action for Conversion was brought only

derivatively. Each cause of action was pled with enough particularity both directly and derivatively that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ezeani*, 2024 U.S. App. LEXIS 1717 at *4–5. The Court simply needs to compare the alleged facts, accepted as true, against the elements of each cause action to see that such facts would hold Defendant liable for the misconduct. Discussion of each cause of action and the facts which support every element of those causes of action follows.

For all causes of action discussed below, specific and non-speculative allegations of harm include delayed payments to M3 Construction and Plaintiff Steimle, lack of control of the company, damages in excess of $200,000.00, potential future damages in excess of $500,000.00, and the spending of funds without oversight or approval. [Dkt. 3 ¶¶ 36–38, 41, 43, 65, 78, 106].

Plaintiffs first pled a Breach of Operating Agreement against Defendant both individually and derivatively. The elements of a breach of contract claim are "a lawfully enforceable contract, an unjustified failure to perform all or any part of what is promised . . ., and entitlement of [the] injured party to damages." *Skyco Res., Ltd. Liab. P'ship v. Family Tree Corp.*, 2022 WY 72, ¶ 34, 512 P.3d 11, 24 (Wyo. 2022) (quoting *Halling v. Yovanovish*, 2017 WY 28, ¶ 13, 391 P.3d 611, 616–17 (Wyo. 2017). Plaintiffs alleged that an implied operating agreement existed based on the conduct of the parties. [Dkt. 3 ¶¶ 55–58]. Plaintiffs alleged that the LLC was a 50/50 member-managed LLC. [Dkt. 3 ¶¶ 56–57]. Plaintiffs alleged that Defendant breached the operating agreement by engaging in actions which violated the implied operating agreement. [Dkt. 3 ¶¶ 59–64]. Specific breaches of the operating agreement include the following actions by Defendant:

- attempting to call a meeting to unilaterally vote Azure Holding's 70% interest in [another company] for the purpose of removing Steimle from his role as president,

- creating [a third company] as a sole-member LLC in Defendant's personal name, directly adverse to the interests of Azure holding,

- failing to provide documentation or information to Steimle relating to actions he has taken and communications he has bade on behalf of Azure Holding,

- stating to Steimle that he did not retain any tax counsel for Azure Holding and that "he wouldn't say anything if Steimle didn't",

- failing to inform Plaintiff of meetings of Azure Renewables where Azure Holding's interests might be voted,

- failing to keep Plaintiff informed by making unilateral decisions on which vendors would be paid, and

- failing to keep Azure Holding informed of investors being contacted.

[Dkt. 3 ¶¶ 52–65]. By alleging that Defendant's actions were a breach of the operating agreement, Plaintiffs were also alleging that such actions were terms within the operating agreement and prohibited by the implied operating agreement. Plaintiffs are not required to list every term of the implied operating agreement within the complaint. The only requirement is that the Plaintiffs pled statements so that the Court could infer that Defendant is liable. All such allegations pled above are non-speculative and non-conclusory allegations that show Defendant is liable for the contract breaches alleged. Plaintiffs alleged breaches against both the company, his rights in the company, and against himself individually. Finally, Plaintiffs also alleged that Defendant's breach caused harm to Plaintiffs, either individually or derivatively running through the company. All the elements of a breach of contract were sufficiently pled by Plaintiffs.

Plaintiffs second pled a Breach of Fiduciary Duty against Defendant both individually and derivatively. "[M]anagement of an LLC is not free of formalities and duties. *See* Wyo. Stat. Ann. §§ 17-29-101 through 17-29-1105 (LexisNexis 2015)." *Acorn v. Moncecchi*, 2016 WY 124, ¶ 34, 386 P.3d 739, 751 (Wyo. 2016). These formalities include a member's duty "in a member-managed limited company owes to the company and, subject to W.S. 17-29-901(b), the other members the

fiduciary duties of loyalty and care." Wyo. Stat. Ann. § 17-29-409 (LexisNexis 2024). "[T]he duty of care of a member-managed limited liability company in the conduct and winding up of the company's activities is to act with the care that a person in a like position would reasonably exercise under similar circumstances and in a manner the member reasonably believes to be in the best interests or at least not opposed to the best interests of the company." *Id.* § 17-29-409(c). A member's duty of good faith and fair dealing is non-waivable and non-dischargeable. *See Acorn*, ¶ 45.

Plaintiffs pled such duties exist under Wyoming law. [Dkt. 3 ¶ 67]. These duties are independent and separate from duties within the parties' implied operating agreement. Plaintiffs alleged the following facts which constituted a breach of such duties:

- Defendant acted unilaterally in his control over all funds intended to be used for the benefit of Azure Holding,

- Defendant has acted unilaterally on behalf of Azure Holding without authority in the formation of Azure Development when he placed the entity in his sole name,

- Defendant has breached his fiduciary duty by failing to provide the other member of Azure Holdings with documents, communications, and information, and information relevant and critical to its ongoing operations,

- Defendant has indicated he will continue to act unilaterally on behalf of Azure Holding,

- Defendant's actions have been self-serving and intended to protect him from having to account for his unilateral actions taken on behalf of Azure Holding,

- Defendant breached his fiduciary duties of loyalty when he usurped power or authority beyond his 50% membership interest,

- Defendant breached his fiduciary duty of loyalty by failing to include Plaintiff

Steimle and his 50% controlling interest, and

- Any post-filing decisions or transactions would further violate Defendant's fiduciary duties to Azure Holding.

[*Id.* ¶¶ 68–76]. Plaintiffs alleged harm as a consequence of Defendant's breach. [*Id.* ¶¶ 76–78]. All such allegations pled above are non-speculative and non-conclusory allegations that show Defendant is liable for the duty breaches alleged. Plaintiffs alleged breaches against both the company, his interests in the company, and against himself individually. All the elements of a breach of fiduciary duty were sufficiently pled by Plaintiffs. While Defendants are correct that Plaintiffs cannot "double up" damages by succeeding on a Breach of Duty claim if Plaintiffs are successful on a Breach of Contract claim, Plaintiffs are allowed to bring both claims to the attention of the Court and allow the pleadings to conform to the evidence.

Plaintiffs third pled conversion derivatively against Defendant. A plaintiff must prove the following elements to satisfy a claim of conversion:

> (1) he had legal title to the converted property; (2) he either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; (4) in those cases where the defendant lawfully, or at least without fault, obtained possession of the property, the plaintiff made some demand for the property's return which the defendant refused; and (5) the plaintiff has suffered damage by the loss of the property.

*Campbell v. Davidson*, 2023 WY 100, ¶ 33, 537 P.3d 734, 744 (Wyo. 2023) (quoting *Ferguson v. Coronado Oil Co.*, 884 P.2d 971, 975 (Wyo. 1994)).

Plaintiffs alleged that Plaintiff Steimle has a 50% controlling interest in Azure Holding which is the majority shareholder of Azure Renewables, which Azure Renewables has an indirect controlling interest in Azure Development, a wholly owned subsidiary of Azure Renewables, which facts must be accepted as true for the purposes of Defendant's *Motion*. [Dkt. 3 ¶ 80–81]. These allegations satisfy the legal title and possessory right elements of conversion. Plaintiffs

claimed that Defendant exercised unlawful control over Azure Development by claiming exclusive control over the entity and its bank account, satisfying the dominion and denial of use of enjoyment element of conversion. [*Id.* ¶ 82]. Plaintiffs claimed that Defendant denied Plaintiff Steimle access to the account opened in Azure Holding's name. [*Id.* ¶ 83]. Plaintiffs alleged Defendant refused to allow Plaintiff Steimle access to organizational documents of Azure Development after his demand that such documents be made available to him, satisfying the demand and refusal elements of conversion. [*Id.* ¶ 84]. Plaintiffs alleged the Defendant refused to allow Azure Development's activities to be controlled through the membership of Azure Renewables, cutting Plaintiffs off from exercising his right to control such interest. [*Id.* ¶ 85]. Plaintiffs alleged further denial and access of accounts and control rights over Azure Development, showing further allegations that Defendant satisfied the dominion and denial of use and enjoyment element of conversion. [*Id.* ¶ 86]. Plaintiffs alleged loss of funds, loss of future earnings, and loss of control which harmed Plaintiffs, satisfying the harm element of conversion. [*Id.* ¶ 87].

All such allegations pled above are non-speculative and non-conclusory allegations that show Defendant is liable for conversion brought derivatively. All the elements of conversion were sufficiently pled by Plaintiffs.

Plaintiff's fourth pled that Defendant breached a contract outside the operating agreement. The elements of breach of contract in such case are the same as those listed above, that there be "a lawfully enforceable contract, an unjustified failure to perform all or any part of what is promised . . ., and entitlement of [the] injured party to damages." *Skyco Res., Ltd. Liab. P'ship v. Family Tree Corp.*, 2022 WY 72, ¶ 34, 512 P.3d 11, 24 (Wyo. 2022) (quoting *Halling v. Yovanovish*, 2017 WY 28, ¶ 13, 391 P.3d 611, 616–17 (Wyo. 2017).

Plaintiffs pled that Defendant agreed, as an enforceable contract, that Azure Holding would be a 50/50 member-managed LLC, and Defendant would provide Plaintiff with a copy of the

organizational documents upon its formation. [Dkt. 3 ¶ 89]. Further, Plaintiffs pled that Defendant agreed with Plaintiff Steimle that, as consideration, Azure Development would pay for all the expenses incurred in the development of Azure Renewables and that Steimle and Defendant would have equal say and control over the use of those funds through their 70% ownership in Azure Renewables. [*Id.* ¶ 90]. The parties accepted these terms when they formed the company. These are all facts that the Court must consider as true for the purposes of considering Defendant's *Motion*. Plaintiffs alleged that the agreement formed by the parties described above was breached when Defendant began acting unilaterally on behalf of Azure Holding and Azure Development without Plaintiff Steimle's input, which caused harm to Plaintiffs. [*Id.* ¶¶ 91–92]. All such allegations pled above are non-speculative and non-conclusory allegations that show Defendant is liable for breach of contract. All the elements of a breach of contract were sufficiently pled by Plaintiffs.

Plaintiff fifth pled statutory oppression under Wyo. Stat. Ann. § 17-29-701(a)(v)(B) which allows a member in a company to pursue a claim against another member who has acted in a manner that is oppressive and was, is, or will be directly harmful to the applicant. In such cases, the court may also order remedies other than dissolution. *Id.* § 17-29-701(b). Plaintiffs sufficiently pled that Defendant acted, is acting, and will continue to act in a manner that is oppressive to Plaintiff Steimle's interests in Azure Holdings and that Defendant acted in a manner oppressive of Azure Holding's ability to operate in compliance with Wyoming law. [Dkt. 3 ¶ 94]. Plaintiffs pled the harm required by statute and requested just and equitable relief. [*Id.* ¶ 94–95]. Defendant's argument that such claim is disallowed as a derivative action misunderstands Wyoming law regarding derivative actions as will be further described below. *See also generally e.g. Campbell v. Davidson*, 2023 WY 100, ¶ 40, 537 P.3d 734, 746 (Wyo. 2023); *Fritchel v. White*, 2019 WY 117, ¶¶ 13–16, 452 P.3d 601, 604–05 (Wyo. 2019); *Sullivan v. Pike & Susan Sullivan Found.*, 2018 WY

19, ¶ 23, 412 P.3d 306, 312 (Wyo. 2018).

Plaintiffs sixth pled fraud and constructive fraud. "Fraud is established when a plaintiff demonstrates, by clear and convincing evidence that, (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages." *Campbell v. Davidson*, 2023 WY 100, ¶ 21, 537 P.3d 734, 741 (Wyo. 2023) (quoting *Bitker v. First Nat'l Bank in Evanston*, 2004 WY 114, ¶ 12, 98 P.3d 853, 856 (Wyo. 2004)).

Plaintiffs pledged with particularity that Defendant made representations that he would form Azure Development as an entity to hold investor funds received on behalf of Azure Renewables. [Dkt. 3 ¶¶ 97–98]. Plaintiffs alleged that they relied on the representation as true and consented to the formation because of such representations. [*Id.* ¶¶ 98–99]. Plaintiffs alleged that Defendant then opened bank accounts for Azure Holding and Azure Development with Defendant as sole authorized signer, denied Plaintiff Steimle access to company financials, and then Defendant unilaterally took control over the companies' bank accounts without providing accounting to Plaintiffs which caused harm to Plaintiffs. [*Id.* ¶¶ 99–106]. These specific claims all relate to representations and duties outside of contractual obligations between the parties. Plaintiffs sufficiently pled the elements of fraud such that the Court can infer the Defendant is liable for Plaintiffs harm through his conduct.

Plaintiffs seventh pled a declaratory judgment action. A declaratory judgment allows the Court to declare the rights, status, and other legal relations of parties in a legal case. *See* Wyo. Stat. Ann. § 17-29-901 and Wyo. Stat. Ann. §§ 1-37-101 et. seq. Defendants misguidedly argue that rights between the parties may not be declared because they are not written or created by statute. The declaratory judgement act allows the Court to make a declaration of rights if a person's "status or other legal relations are affected by . . . contract." Wyo. Stat. Ann. § 1-37-103 (LexisNexis

2024). The Declaratory Judgment Act does not require that the contract be written. There is certainly a contract between the parties regarding the operation of the business entities between them, which rights may be declared by this Court. Additionally, the Wyoming Limited Liability Company Act imposes duties and obligations upon members of a company, which rights may be declared by this Court. *See Acorn v. Moncecchi*, 2016 WY 124, ¶ 34, 386 P.3d 739, 751 (Wyo. 2016). Plaintiffs sufficiently pled an action for declaratory relief which this Court has authority to order.

Plaintiffs eight pled for injunctive relief against Defendant. An injunction may be requested and pled pursuant to Wyo. Stat. Ann. §§ 1-28-101 et. seq.

> When it appears by the petition that the plaintiff is entitled to relief consisting of restraining the commission or continuance of some act the commission or continuance of which during the litigation would produce great or irreparable injury to the plaintiff, or when during the litigation it appears the defendant is doing . . . some act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual, a temporary order may be granted restraining the act.

Wyo. Stat. Ann. § 1-28-102 (LexisNexis 2024). Plaintiffs are allowed to request injunctive relief and so such request should remain in the *Complaint*.

Plaintiffs ninth pled a breach of the implied covenant of good faith and fair dealing. Defendant correctly identifies that every contract in Wyoming imposes upon each party a duty of good faith and fair dealing in its performance and enforcement. *See Wilcox v. Sec. State Bank*, 2023 WY 2, ¶ 50, 526 P.3d 277, 289 (Wyo. 2023). As discussed above, an enforceable contract existed between Plaintiffs and Defendant. Plaintiffs sufficiently pled how the duty of good faith and fair dealing in such contracts was violated by Defendant. [Dkt. 3 ¶¶ 123–130].

Plaintiffs sufficiently pled each cause of action in the *Complaint* with particularity such that the Court could infer liability on the part of Defendant. Each cause of action is supported by short and concise statements which tie back to the cause of action. Defendant's *Motion to Dismiss*

under rule 12(b)(6) should be denied.

*This Court Should Allow All Derivative Claims to Survive*

Any one of Plaintiff's claims could result in a derivative award to Azure Holding.  For example, Plaintiffs' Complaint makes the following statements specific to the plainly derivative relief requested:

1. Defendant has been using the Azure Holding bank account to make transactions hidden from its members. [Dkt. 3 ¶ 32];

2. Defendant initiates financial transactions without consulting with Azure Holding.  [*Id*. ¶ 33];

3. Defendant has failed to provide supporting documentation to substantiate payments he has made.  [*Id*. ¶ 35];

4. Defendant has delayed payments from the Azure Holding account to vendors that are admittedly owed while continuing to make payments to his preferred venders.  [*Id*. ¶ 36];

5. Defendant is making decisions on behalf of Azure Holding without consulting with all its members or holding meetings.  [*Id*. ¶¶ 40–41];

6. Defendant is taking unlawful unilateral actions on behalf of Azure Holding.  [*Id*. ¶¶ 48–49];

7. Defendant is violating the operating agreement of Azure Holding by taking actions without a vote of the company's members.  [*Id*. ¶ 59];

8. Defendant created Azure Development and put the entity under his sole name, creating a conflict of interest with Azure Holding.  [*Id*. ¶ 60];

9. Defendant has violated the operating agreement by withholding important information from the members of Azure Holding.  [*Id*. ¶ 61];

10. Defendant has violated the operating agreement by potentially creating tax liabilities for not filing appropriate and necessary tax filings.  [*Id*. ¶ 62];

11. Defendant has violated the operating agreement by failing to keep the members of Azure Holding informed of decisions being made by the company.  [*Id*. ¶ 64];

12. Defendant has breached his fiduciary duties to Azure Holding by, among other things, taking self-serving actions and usurping power from the company itself.  [*Id*. ¶¶ 72–73];

13. Defendant has breached his fiduciary duties by unlawfully taking over control of Azure Holding.  [*Id*. ¶ 77];

14. Defendant has converted Azure Holding's bank account by claiming exclusive control over the account and by excluding the company from access and oversight.  [*Id*. ¶¶ 82–83];

15. Defendant has converted Azure Holding's interests in Azure Development and Azure Development's bank account.  [*Id*. ¶¶ 85–87];

16. Defendant has breached the Parties' agreements regarding how Azure Holding would be formed and controlled.  [*Id*. ¶ 91];

17. Defendant's actions are oppressive to Azure Holding's ability to operate in compliance with Wyoming law.  [*Id*. ¶ 94];

18. Defendant set up bank accounts on behalf of Azure Holding, but unlawfully created them so he would be the sole authorized signor on the accounts.  [*Id*. ¶ 100];

19. Defendant has made unilateral transactions on behalf of Azure Holding but has refused to provide support for some of those transactions.  [*Id*. ¶ 101];

20. Upon information and belief, Defendant is creating potential liabilities for Azure Holding in relation to federal taxes.  [*Id*. ¶ 105];

21. Azure Holding seeks to unwind the unlawful unilateral transactions Defendant has taken on behalf of Azure Holding.  [*Id*. ¶ 113]; and

22. Azure Holding stands to lose substantial amounts because Defendant has unlawfully interfered with its ability to participate as the 70% owner of Azure Renewables, such that the members cannot receive the benefits they intended to receive through their involvement with Azure Holding.  [*Id*. ¶ 125];

While Plaintiff may have suffered some unique or independent harm, it is clear from Plaintiffs' *Complaint* that a large majority of his injuries flow directly from his rights and interests as a member of Azure Holding and fall generally into those areas the Wyoming Supreme Court routinely considers derivative in nature.  Given that Wyoming has never adopted <u>any</u> exception to the rule that derivative harms can only be resolved through derivative actions, Azure Holding is not an inconsequential party.  Rather, it is only through the derivative action that most of the above claims could be addressed.

Furthermore, for the purposes of argument only, even if the Wyoming Supreme Court had adopted some exception allowing for direct actions when membership is 50/50 between two members, Defendant has specifically argued that Tangen owns a 15% interest in Azure Holding.

If the above allegations were treated as a direct action, any members not a party to this litigation would be deprived of recovery. *See Fritchel*, 2019 WY 117 at ¶ 27 n. 9.  Kevin Tangen is not a party to this litigation, and therefore any interest he allegedly has could only be protected through the derivative action brought on behalf of Azure Holding.

## CONCLUSION

For all the foregoing reasons, Plaintiffs request the Court deny Defendant's *Motion to Dismiss*.

Respectfully submitted this 22nd day of July, 2024.


  /s/ Robert J. Walker
Robert J. Walker (7-4715)
John M. Walker (5-2224)
Walker Law, LLP
P.O. Box 22409
Cheyenne, WY   82003
(307) 529-2255 telephone

ATTORNEYS FOR PLAINTIFF