IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHAEL STEIMLE, individually; MICHAEL STEIMLE, derivatively on behalf of and in the right of AZURE HOLDING GROUP, LLC, a Wyoming Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW THOMPSON, individually;<br><br>Defendant. | Case No. 2:24-cv-00114-ABJ<br><br>Removed from Wyoming Chancery Court No. CH-2024-0000010 |

## **REPLY SUPPORTING PLINTIFF'S MOTION TO DISMISS**

Defendant Andrew Thompson ("**Thompson**"), through undersigned counsel, respectfully submits his Reply in support of his Motion to Dismiss Complaint [Dkt. # 32] in its entirety for failure to state a claim upon which relief can be granted.

### **INTRODUCTION**

This action began with a sense of urgency through the filing of a motion for a preliminary injunction, followed by a motion for a TRO and then removal to federal court to best decide the diverse claims, all capped off with a hearing in short order. But, as the case progresses, it has become apparent that the Complaint is not well-pled as evidenced by the Response which undermines that initial sense of emergency. This is not the type of clear and plain statement that would allow the case to progress smoothly. Instead, nothing in Plaintiffs' First Response in Opposition changes the fact that the Complaint insufficiently alleges Thompson's supposed liability. Simply put, Steimle misapprehends the nature of a derivative claim, namely, that in order

to be derivative, the alleged harm must have been done to the company <u>not to himself</u>.  Instead, Steimle seeks redress for his own alleged injuries.

## ARGUMENT

### A. *Breach of Contract Claims (and Declaratory Action Dependent Upon Contract)*

Steimle's causes of action 1, 4, 7, and 9 brought by Azure Holding must be dismissed. Azure Holding was never a party to a contract between Steimle and Thompson and has no standing to bring "derivative" contract claims. Steimle fails to adequately address that issue in his Response. Instead, Steimle asserts the following:

> It doesn't matter if the company is a party to a breached contract between the members, a derivative action must still be brought if the company a [sic] company's member's interests have been harmed because of such a breach.

[Dkt. # 34 at p. 4]. However, the Plaintiff is wrong: if a member's interest has been harmed—that is a direct action, not a derivative action. Its black letter law that a breach of contract claim can only be brought by a party to the contract (including direct third-party beneficiaries). Here, Steimle fails to plead, and cannot, that Azure Holding is a party to such a contract.

Further, the alleged harm is either only to Plaintiff Steimle (in which case there is no derivative claim) or to both Plaintiffs without stating how Steimle's alleged harm differs from the alleged derivative harm to Azure Holding.

> In a derivative action, an individual shareholder, director or member asserts a cause of action on behalf of the corporation. *See* § 17-19-630; *GOB,* ¶ 13, 197 P.3d at 1272; *Wallop Canyon Ranch, LLC v. Goodwyn,* 2015 WY 81, ¶ 28, 351 P.3d 943, 951 (Wyo. 2015). Recovery in a derivative action "inures to the corporation" rather than shareholders or directors, as individuals. *See Wallop Canyon Ranch,* ¶ 28, 351 P.3d at 951. Thus, when the director (or shareholder or member) seeks to remedy an injury to the corporation rather than himself, the action is derivative in nature.

<u>Sullivan v. Pike & Susan Sullivan Found.</u>, 2018 WY 19, ¶ 22, 412 P.3d 306, 312 (Wyo. 2018). Steimle fails to plead how the supposed injury is to the company and not to himself as he lumps

both Plaintiffs together when asking for relief.  Please see the Memorandum in Support of Motion to Dismiss Complaint for the argument as to why the claims should be dismissed even if brought directly by Steimle.

### B. *Claims Involving Azure Renewables and Azure Development*

Much of Steimle's Complaint asks this Court to analyze, and possibly unwind, certain decisions made by third-party companies that are not a part of this litigation. But Steimle ignores the law—any action seeking to right an alleged wrong to Azure Renewables, and its property, or Azure Development, and its property, must be brought through derivative claims on behalf of those entities. Steimle is asking the Court to do what cannot be done—order Azure Holdings to take certain business actions unilaterally in the running of two other entities. Only a derivative action on behalf of those entities would ensure any order or action was proper under their by-laws and jurisdiction.

In the instant action, Plaintiffs allege that Thompson converted Azure Renewable's interest in Azure Development. [Dkt. 3 at ¶¶ 82, 85].  However, Plaintiffs do not allege that Azure Holding ever had legal title to Development. Moreover, Plaintiffs fail to allege Azure Holding ever had possession of Development.  Therefore, the conversion claim fails and must be dismissed. And, such a claim must be brought derivatively by Azure Renewable and Azure Development.

### C. *Alternative Claims*

Steimle now claims that some of the causes of action (breach of contract and breach of fiduciary duty claims) should be considered as pled in the alternative.  [Dkt. #34 at p. 9].  Namely, that during the course of the litigation, both causes of action should proceed and whichever one fits the evidence best should be kept. That argument flies in the face of notice pleading—and begs the question, why not bring every claim under the sun and hope one sticks?

Further, it ignores the law that there must be an independent duty separate from the contractual duty in order for a breach of fiduciary duty to stand. *Renco Grp., Inc. v. MacAndrews AMG Holdings LLC*, No. CV 7668-VCN, 2015 WL 394011, at *7 (Del. Ch. Jan. 29, 2015); *see also Nemec v. Shrader*, 991 A.2d 1120,1129 (Del. 2010) ("where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim ... [and] any fiduciary claims arising out of the same facts that underlie the contract obligations [are] foreclosed as superfluous."). In this action, both the breach of fiduciary duty claims and the fraud claims should be dismissed as Plaintiff failed to establish any duty separate from the supposed contract obligations.

Please see the Memorandum in Support of Motion to Dismiss Complaint for further argument as to why the fiduciary duty claims should be dismissed.

## CONCLUSION

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Furthermore, it seeks relief that should more properly be brought as derivative claims of Azure Renewables and Azure Development in the correct forum. Finally, because the alleged harm is either directly to Steimle, rather than the company, or unspecified in each of the causes of action, the Complaint impermissibly blends facts and allegations to such a degree that it constitutes a "shotgun" pleading and should be dismissed.

WHEREFORE Defendant asks this Court to dismiss Plaintiffs' Complaint in its entirety for failure to state a claim upon which relief can be granted.

**DATED**: July 29, 2024  */s/ Ghislaine G. Torres Bruner*
Ghislaine G. Torres Bruner (7-5974)
Rin Karns (6-4114)
**SQUIRE PATTON BOGGS (US) LLP**
717 17th Street, Suite 1825
Denver, CO 80202
Telephone: +1 303 830 1776
Email: ghislaine.bruner@squirepb.com
rin.karns@squirepb.com

*Attorneys for Defendant Andrew Thompson*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing **REPLY SUPPORTING MOTION TO DISMISS COMPLAINT** was served on the following counsel of record via the Court's electronic filing system and by email on July 29, 2024.

Robert J. Walker (7-4715)
John M. Walker (5-2224)
WALKER LAW, LLP
P.O. Box 22409
Cheyenne, WY 82003
(307) 529-2255
Email: Robert@WyoCounsel.com

*Attorneys for Plaintiff Michael Steimle*

*/s/ Ghislaine G. Torres Bruner*
Ghislaine G. Torres Bruner